STANISLAUS FREMONT and others *v.* JONATHAN HARRIS and another.

In an action against an architect or builder, under art. 2733 of the Civil Code, for damages on account of the badness of the materials or work in a house built by contract, plaintiff must establish that the bad condition of the building resulted from the character of the materials or workmanship. Under the Code Napoleon, art. 1792, the undertaker is liable where the building cracks, or falls in consequence of a defect in the soil on which it was erected. *Aliter*, under the Civil Code of this State

APPEAL from the District Court of St. Landry, *Boyce*, J.
*T. H.* and *W. B. Lewis*, for the appellants.
*Swayze* and *Taylor*, for the defendants.

MORPHY, J. The petitioners seek to recover damages of the

defendants, on the ground that a two story brick house, in the town of Opelousas, which the latter undertook, in the year 1837, to construct for them in a good, substantial, and workmanlike manner, was so badly and unskilfully built, that the brick walls thereof have cracked, and the building has become so delapidated that it is entirely unfit for use, and is now falling rapidly to ruin. They allege that the cause of the cracks in the walls of said building, is the badness of the workmanship, and the want of a good and sufficient foundation. The defendants aver that they have fully and faithfully complied with their contract, and have built the plaintiff's house in a neat and workmanlike manner, and with good materials; and that if the building is in anywise delapidated or falling to ruin, it is not on account of any neglect, unskillfulness, or failure, on their part, to comply with their contract. There was a judgment below in favor of the defendants, from which this appeal has been taken.

The evidence shows that the plaintiffs' house is badly cracked in its front and side walls, and near its south corner; that the cracks have been opening gradually for some years past; and that it will be necessary to take the building down, and put it up anew, as there is danger of its falling to the ground. Article 2733 of the Civil Code, under which this action is brought, provides that, "If a building which an architect, or other workman has undertaken to make by the job, should fall to ruin, either in whole or in part, on account of the badness of the workmanship, the architect or undertaker shall bear the loss, if the building falls to ruin in the course of ten years," &c. Under this provision of law, it devolved on the plaintiffs to show that the badness of the workmanship was the cause of the cracks in the walls: this they have failed to do. A great number of witnesses have been examined, and all agree that the work was well done, and executed in a workmanlike manner, and that the cement and other materials were of the best quality. In relation to the foundation, one of the witnesses, a bricklayer, thought that it was not as wide as he would have made it, though it appeared to him sufficient to sustain the house, while the others say they would not have made a broader foundation for such a house. The witnesses speak of many

deep cracks or fissures in the earth to be found about the town of Opelousas, and of a number of houses, apparently built in a substantial manner, that have had cracks in them, supposed to be occasioned by these openings in the earth, which sometimes run beneath its surface, and appear only at certain places. Two of the witnesses express the opinion that from the manner in which the plaintiffs' house was built, they can account for the cracks in it only as being the result of some such fissure, or opening in the earth. On examination, however, none was discovered anywhere near the foundations, and the nearest known to exist about the place, runs at some distance from the house. But one witness testifies that he saw a hole in the earth, or rather a sink, about fifteen or twenty yards from the south corner of the building. It ran diagonally across the street, and he filled it up last September, at the request of Roy, one of the owners of this property. Upon the whole, we think that the petitioners have failed to show that the badness of the workmanship or materials was the cause of the house falling to ruin; while the evidence in the case renders it not at all improbable that it might have been occasioned by some defect in the earth, for which the defendants, under our law, cannot be made responsible, as they built the house on the spot indicated in their contract. Under the Napoleon Code, the undertaker is liable even when the building crumbles in consequence of a defect in the soil on which he has erected it. Our legislators, in adopting the provisions of the French Code on this subject, have thought proper to leave out that part of it which thus extends his liability, restricting it entirely to the case where the loss results from defects in the workmanship. Civil Code, art. 2733. Nap. Code, art. 1793. Rogron's Comment. p. 357. In the present case, the presumption resulting from the cracks in the walls, that the house was badly constructed, is rebutted by the concurrent testimony of the witnesses examined on the trial.

*Judgment affirmed.*