### JOHN S. POWELL *v.* H. MARKHAM.

Where an architect or other workman has undertaken to erect a building by the job, the workman or architect is answerable in damages when his work falls to ruin, in whole or in part, on account of the badness of his materials or work, but is not liable for unfitness of soil or for the refusal of the owner to have the excavations in the soil properly prepared for the building.

APPEAL from the District Court, Parish of Caddo, *Jones*, J. *Looney & Wells*, for appellant. *Beall & Chapman*, for appellee.

The facts are stated in the opinion of the Court.

HYMAN, C. J. Plaintiff sued to recover of defendant $1,863 21, with eight per cent. interest from 12th July, 1860, and to have his privilege as undertaker enforced, on a house built on lot eight, in block forty, in the town of Shreveport, upon the following obligation:

"SHREVEPORT, LA., July 12, 1860.

" One month after date, I promise to pay to John S. Powell or bearer, the sum of one thousand eight hundred and sixty-three dollars and twenty-

one cents, with eight per cent. per annum, interest, for furnishing the brick, materials, and building the brick dwelling-house on lot of ground number eight, in block number forty, corner of Edwards and Travis streets, in the town of Shreveport; on which said building I hereby grant, and the said John S. Powell retains, the privilege allowed by law for furnishing said materials and building said dwelling-house; and I agree that his said privilege may be enforced according to law, to pay and satisfy this obligation, should the same not be punctually paid at its maturity.

HENDERSON MARKHAM."

Defendant, in answer, admitted the execution of the obligation, but alleged that the consideration for which it had been given had failed; that the materials, and workmanship of the house were imperfect; that the house was cracking and crumbling to pieces, and threatening to fall, and that, by reason of the badness of the materials and workmanship of the house, he had been damaged $2,500, and prayed that judgment might be rendered against plaintiff for this sum, as damages.

Judgment was rendered by the District Court in favor of plaintiff, for $1,863 21, with interest at the rate of eight per cent. per annum, from 12th July, 1860, decreeing the enforcement of plaintiff's privilege, and in favor of defendant for one thousand dollars in reconvention.

From this judgment the plaintiff appealed.

It appears from the evidence, that the brick walls of the house erected by plaintiff for defendant (the consideration of the obligation sued on) were cracked in various places; that the materials, of which the walls were composed, were good, and that the walls were well put up, in a workmanlike manner; that the soil of Shreveport is unfit for brick buildings, and that most of the brick houses erected thereon are cracked; that the walls of the house were built according to the directions of defendant, and that defendant refused to have the excavations for the foundations of the walls made deep and broad, when informed by plaintiff's agent of the possibility that the excavations were insufficient.

This evidence does not show any defect in the materials in the walls, or in their erection.

In contracts of this character the workman or architect is answerable in damages when his work falls to ruin, in whole or in part, on account of the badness of his materials or work, and is not liable for unfitness of soil or for the refusal of the owner to have the excavations in the soil properly prepared for the building. C. C. 2733.

It is ordered, adjudged and decreed that, that part of the judgment of the District Court which decrees that defendant recover of plaintiff one thousand dollars be avoided and reversed. It is further decreed, that there be judgment of nonsuit against defendant, on his claim for damages, and that, in all other respects, the judgment of the lower Court be affirmed.

It is further decreed, that defendant pay the costs of this appeal.