REGAN, Judge.
The plaintiff, Walter J. Leopold conducting his business' under the trade" name of ■“Joe Leopold, Air-Conditioning Contractor” instituted this suit against the defendant, Dr. Samuel J. Leggio, endeavoring to recover the sum of $600 representing the unpaid balance due on a contract in the amount of $2,800, for the installation of an air-conditioning system in his residence and office, both of which are located in 4914 Magazine Street.
*926 ■ The defendant answered admitting the execution of the contract and the unpaid balance due thereon; he then reconvened asserting that he was entitled to-recover the sum of $2,450, the cost of repairing the defective air-conditioning system.
■ From a judgment in favor of the plaintiff in the amount of $155, and dismissing the reconventional demand of the defendant, he has prosecuted this appeal. The plaintiff has answered the appeal requesting that .the amount awarded be increased to the sum prayed for. • .
The record reveals that on June 24, 1952, the plaintiff and defendant entered into a written contract wherein the plaintiff agreed to furnish, install and service the equipment hereinafter designated for the price of $2,800.
“1 # Apr 5 Balir'unit complete with- water saver 2800.00
% • Automatic trade in Firing Unit 400.00
$2400.00
“Duct rooms, excepting bathroom or closets;
“Power service as needed;
“Service One year and one year Factory guarantee on unit;
“Area —House and office;
“BTU Load 60000
“Wet Bulb 80
“Capacity 20.”
The installation was completed in August of 1952 and, in due course, plaintiff requested the final payment of $600. Defendant refused to acquiesce in this request insisting that innumerable defects existed in the system and that the cost of correction thereof exceeded the -balance due, hence this litigation.
The jurisprudence is well settled to the effect that the damage for the breach of a building contract where the owner derives some benefit from the defective construction is usually the cost of repairing the defective work. DuBos v. Sanders, 174 La. 27, 139 So. 651; Merrill v. Harang, La.App., 198 So. 386; Sarver v. Barksdale, La.App., 24 So.2d 649; Home Services v. Marvin, La.App., 37 So.2d 413; Banks v. Reed, La.App., 52 So.2d 554; Moore v. Usrey & Usrey, La.App., 52 So.2d 551; Montague v. Milan, La.App., 67 So.2d 351.
Plaintiff contends that the air-conditioning system was ’ properly installed and no defects of any sort existed therein. In confirmation of this assertion plaintiff offered in evidence the testimony of J. L. Rumold, an air-conditioning contractor, who corroborated the plaintiff’s testimony in all its essential aspects, but conceded that the unit was not producing its rated capacity. He stated, however, that this could be easily corrected by simple adjustment and at a cost of approximately $15.
Defendant, on the other hand, insisted that the system was defective and necessitated the expenditure of approximately $2,450 to remedy the defects.
To .substantiate the existence of “defects” defendant offered in evidence the expert testimony of J. E. Leininger, a graduate consulting engineer, specializing in heating, ventilating, air-conditioning and mechanical refrigeration, who was of the opinion that the system was not delivering its rated capacity; the registers in various rooms were too small and inadequate for the service intended; and that the ducts were not “constructed or fabricated” in conformity with the practices accepted by the American Society of Heating and Ventilating Engineers.
Defendant then offered the testimony of Edward D. Kessler, an employee ' of' the Standard Sheet Metal Works, who ’related that the cost of correcting the aforementioned defects, as recommended by Lein-inger, ’ the consulting engineer, would amount to the sum of $645.50.
The only questions which the pleadings and the evidence pose for our consideration are ones of fact and they are whether the air-conditioning system installed by plaintiff in defendant’s premises proved to be *927 defective upon completion and operation and, if so, what is the cost of correcting these defects.
We related hereinabove that the damage for the breach of a building contract where the owner derives some benefit from the defective construction is usually the cost of repairing the defective work.
We have made a comprehensive analysis of the record and we entertain no doubt that the defendant derived substantial benefit from the installation of the air-conditioning system. On the other hand, we are equally convinced that the system reflected defective installation and, in consequence thereof, inadequate, inefficient and unacceptable performance. In this connection we have carefully read the expert testimony of J. E. Leininger, consulting engineer, and it impresses us as the most credible and professional evidence in the record. After a careful evaluation of the installation he expressed the opinion that the system reflected the defects which we have enumerated elsewhere herein. We are also impressed with the forthright testimony of Edward D. Kessler, a sheet metal craftsman, who related that the cost of repairing the defects, as enumerated by Leininger, would amount to $645.50.
The trial judge was also of the opinion that the system was defective, but that the cost of correction thereof amounted to the sum of $445. He, accordingly, awarded the plaintiff a judgment for $155, which was the difference between the amount sued for and the cost of correcting the defects. In our opinion the evidence amply proves that the cost of repairing the defects will amount to the sum of $645.50, however, since the defendant has admitted owing the plaintiff the sum of $600, he is entitled to a judgment in the amount of $45.50.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of Dr. Samuel J. Leggio, plaintiff in reconvention, and against Walter J. Leopold, doing business as Joe Leopold, defendant in reconvention, in the sum of $45.50, with legal interest from judicial demand and for all costs, including an expert’s fee of $100.
Reversed.