FOURNET, Chief Justice.
The plaintiff, Edward P. Chatelaine, alleging that by the terms of a contract dated January 4, 1950, between him and the partnership of Christopher & Schlesinger, a house was to be constructed by the Globe Construction Company, Inc. on a certain lot owned by the partners, Neil Christopher and Hans Schlesinger, individually, and upon completion was to be sold to him for $9,300; that he was given possession as agreed, and within six months, due to the poor workmanship of the undertaker, certain defects appeared, in the repair of which he would incur expenses as itemized —sought to recover from the Globe' Construction Co., Inc., from the partnership, and from the individual partners, in solido, the alleged cost of making the house whole, including other items of expense classed as damages, in all aggregating $2,031. The defendants entered a general denial, specially averring that the house was constructed in full compliance with plans and specifications approved by the plaintiff, and under the supervision of building experts of the Veterans Administration. There was a trial by jury and the trial judge rendered judgment for plaintiff for $1,828, based on the jury’s verdict for the amount of the claim less 10%; and the Globe Construction Company, Inc. has appealed.[1]
The building, repair of which is the subject matter of this suit, rests on a 4" thick *283 concrete slab and a surrounding concrete chain wall, the slab being of the kind designated a slab on grade, or a flexible or floating slab, unattached to the chain wall and depending for support on the soil beneath. Under the center partition wall the slab has a measurement of twelve inches in depth to form a center beam for the house, the said house being rectangular in shape and consisting of four rooms.
The first damage, which appeared suddenly and within six months of completion, was a horizontal crack close to the ground, extending entirely across the outside rear of the house; this crack and inside damage which resulted were repaired to the extent possible by the defendant, but within a short time it became apparent that the house was sinking in the center while the outside walls remained as erected. The defects listed in plaintiff’s petition, all of which are alleged to have resulted from poor workmanship in preparing the concrete slab and the soil beneath it, are that “(1) Asphalt tile in master bedroom has buckled; (2) Closet door in master bedroom has become out of line and cannot be closed; (3) Kitchen wall has cracked and kitchen door frame is out of level; (4) The floor has pulled away from most of the walls in the house; (5) * * * cracks in the living room wall; (6) * * * numerous cracks in the stucco on the outside of the house; (7) The foundation of the entire house has ‘dished’ — causing it to crack down the entire middle.” The expenses to be incurred in repairing the above defects are: “Shoring of the foundation, $525; Carpentry work, $300; Termite damage, $220; Repainting, $400; Replacing asphalt tile, $301; Expenses in moving while work is being done, $155; Storage of furniture while work is being done, $50; Renting apartment for approximately one month, $80; Boarding dog for approximately one month, $25.”
The defendant-appellant contends (1) that the case presents a question of fact, and plaintiff has not sustained the burden of proof that is his; that there is no proof of poor workmanship, and that the matter of damages was not shown with any degree of certainty; moreover, that the case is properly an action quanti minoris, under Article 2541 of the USA-Civil Code,[2] and since there is no allegation or indication of bad faith, under the jurisprudence of this Court the defendant cannot be held for damages but only for the actual cost of repairs, as to which plaintiff’s estimates were most inadequate; and (2) that Article 2762 of the LSA-Civil Code,[3] on which the plaintiff relies, concerns buildings which fall into ruin and does not apply in *285 this case, where the trouble was apparently caused by subsidence of the soil; but if the said Article does apply, the defendant is still not liable because the framers of our Civil Code omitted that phrase in the corresponding article of the Code Napoleon which specified “badness of the soil” as one and our Courts have refused to hold the of the causes of a building falling to ruin, contractor liable for damage resulting from such cause- — -citing Fremont v. Harris, 9 Rob. 23, and Powell v. Markham, 18 La. Ann. 581.
The plaintiff, for his part, contends that the jury’s findings are supported by the record as a whole, and by the testimony of his expert witnesses, i. e., that the subsidence was due to the contractor’s failure either to (1) use proper soil in the fill on which the slab rests, (2) properly tamp and compact the fill to support the type of slab being used, or (3) use proper support under the slab to prevent such dishing.
 A study and analysis of the evidence clearly supports the plaintiff’s contention that the cause of the damage was lack of proper support for the building. The plaintiff contracted, through Christopher & Schlesinger, for the defendant to build the house for him; it (the defendant) is bound by that contract, and having failed to properly construct the building, it is liable for the costs incident to the repair. The question is merely one of quantum.
While a more certain way of knowing the exact amount chargeable to the defendant would have been to have the repair work done and then make claim, the plaintiff chose to first -establish the defendant’s liability; and as to certain items listed as expenses, the proof submitted does not provide that degree of certainty required by law.[4] This is true in the case of estimated carpenter repairs, termite damage, and expenses connected with vacating the premises. With respect to plaintiff’s claim that termites have gained access to the house through faulty construction around the bathroom trap (an open space left in the slab for plumbing purposes), as well as his claim for reimbursement of expenses incident to vacating the premises for a month (moving, storage of furniture, rent of apartment, and board for dog), the record is not entirely clear that said items are justifiable at this time. However, that there will be carpenter expense is obvious; and if the plaintiff is placed under the ne *287 cessity o'f leaving the premises during the course of the shoring operations and while the other repairs are being made, he would be entitled to recover those expenses as well. Therefore, as to the above items a nonsuit will be entered.
For the reasons assigned, the judgment of the lower court is amended to reduce the sum awarded the plaintiff from $1,828 to $1,201; a nonsuit is entered as to expenses for carpentry work, repair of termite damage, and those expenses incidental to moving while the work is being done; and in all other respects the judgment appealed from is affirmed; the defendant Globe Construction Company, Inc., to pay all costs.
PONDER, J., absent.

. Judgment was entered in the lower court dismissing the plaintiff’s suit as to the defendant partnership, Christopher & Schlesinger, and defendants Neil Christopher and Hans Schlesinger, jointly and in solido.

. “Whether the defect in the thing sold be such as to render it useless and altogether unsuited to its purpose, or whether it be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price.” Article 2541, Revised Civil Code of 1870.

. “If a building, which an architect or other workman has undertaken to make by the job, should fall to ruin either in *285 whole or in part, on account of the badness of the workmanship, the architect or undertaker shall bear the loss if the building falls to ruin in the course of ten years, if it be a stone or brick building, and of five years if it be built in wood or with frames filled with bricks.” Article 2762, Revised Civil Code of 1870.

. The plaintiff’s argument that, the jury having heard the evidence and seen the witnesses and the exhibits, and on the basis thereof having concluded that a sum certain should be awarded the plaintiff, its verdict should not be disturbed, is untenable, since a jury is as powerless to render a verdict which is not supported by competent evidence as is a judge to render a valid judgment under like circumstances.