REGAN, Judge.
The plaintiff, G. H. Ebert, a contractor, instituted this suit against the defendant, C. P. Chambers, the owner of the premises designated by the municipal No. 6364 Vicksburg Street, in the City of New Orleans, endeavoring to recover the sum of $618.43, representing the balance due on a written contract in the initial amount of $1,618.43, entered into between the parties for the purpose of rebuilding the roof and making other alterations to the above property.
The defendant answered admitting the execution of the contract and the unpaid balance due thereon. He then reconvened asserting that he was entitled to recover the sum of $673.50, which represented both the cost of repairing the defective roof and damage to the interior ceilings, which he insisted occurred in the course of the roofing work.
The lower court rendered judgment in favor of the plaintiff in the amount of $199.18 and dismissed the reconventional demand of the defendant. It also reserved to the defendant his right to recover from the plaintiff any loss which he may ultimately sustain as a result of liens filed against the property or claims asserted against him for materials or labor charges emanating from the contract. From this judgment both parties have appealed.
The record reveals that on June 5, 1954, the plaintiff and defendant entered into a written contract for the construction of a new roof and certain other alterations to defendant’s residence.
The work was completed on or about July 27, 1954 and shortly thereafter plaintiff requested the final payment of $618.43. Defendant refused to acquiesce in this request, insisting that a portion of the roof was defective; that the interior ceilings had been damaged and that the combined cost of correction thereof amounted to $673.50, which exceeded the balance due. Hence this litigation.
The jurisprudence is well settled to the effect that the damage for the breach of a building contract where the owner derives some benefit from the defective construction is usually the cost of repairing the defective work. Montague v. Milan, La. App., 67 So.2d 351; Leopold v. Leggio, La. App., 79 So.2d 925.
Plaintiff contends that the roof was properly installed and that no defect of any sort existed therein nor was any damage caused by his workmen to the interior ceilings in the course of the execution of the roofing contract.
In confirmation of this assertion, plaintiff offered ^n evidence the testimony of D. C. Smith, “foreman-carpenter who pushed the job”, Cecil Bennett, “painter and carpenter helper” and Louis Hartenstein, “sheet metal worker”, each of whom corroborated the plaintiff’s testimony in all of its essential aspects.
Defendant, on the other hand, insists that a portion of the roof was defectively constructed and that during the course thereof plaintiff’s employees damaged the ceilings of the residence which necessitated the expenditure of $673.50 to remedy both the defective work and the damages, as is hereinafter more fully itemized:
“$222.00 Bilbe Sheet Metal Works for removal and replacement of Tile Roofing, flashing, etc.
“$246.50 A. W. Munn, Contractor for correcting defective construction of a portion of the roof.
“$165.00 George Hatfield, contractor-carpenter for repairing damaged ceilings.
“$ 40.00 Francis Poche, Engineer, for plans and specifications to correct the improper construction of the roof.”
“$673.50
*615 To substantiate his contention that a portion of the roof was .improperly constructed defendant offered in evidence the expert testimony of Francis Poche, a graduate engineer, who was of the opinion that a portion of the roof was improperly constructed and that he had prepared plans and specifications for the correction thereof, and that his charge therefor was $40.
Defendant then offered the testimony of Harry F. Bilbe, who removed and then replaced the tile roofing and A. W. Munn, who corrected the defective construction of the roof. They expressed the opinion that a portion of the roof was improperly constructed and related that they charged defendant, for their work, the respective sums of $222 and $246.50.
Defendant also offered the testimony of George Hatfield, a carpenter, who asserted that the cost of repairing the ceilings of the residence amounted to $165. Both defendant and his wife testified that the ceilings were in “good condition” prior to the commencement of the roofing work and that they were damaged by the plaintiff’s workmen during the course thereof.
The only questions which the pleadings and the evidence pose for our consideration are ones of fact and they are whether a portion of the roof of the residence was improperly constructed and the ceilings therein damaged and, if so, what was the cost of correction thereof?
We related her.einabove that the damage for the breach of a building contract where the ownef derives some benefit therefrom is usually the cost of repairing the defective work.
We have made a comprehensive analysis of the record and we entertain no doubt that the defendant derived substantial benefit from the roofing contract. On the other hand, we are equally convinced that a portion of the roof was improperly constructed. In this connection we have carefully read the expert testimony of Francis Poche, a graduate engineer, and it impressed us as the most credible and professional evidence in the record. After a careful evaluation of the roof he expressed the opinion that it was improperly constructed and then enumerated the reasons for having reached this conclusion. We were likewise impressed with the forthright testimony of Bilbe and Munn, roofing and wood craftsmen, who related that a portion of the roof was defective and that the cost of repairing the improper construction of the roof, as set forth in the plans and specifications of Poche, amounted to the sum of $468.50.
Hatfield, the carpenter, who repaired the interior of defendant’s residence, was unable to say who damaged the ceilings therein; and while defendant and his wife asserted that the damage was incurred as a result of plaintiff’s fault, we are more impressed, as apparently the trial judge was, with the testimony of Smith, the “foreman on the job”, who stated that the ceilings were damaged before plaintiff commenced his work and he called this to the attention of the defendant, who then said that he wanted a bid from plaintiff to repair the ceilings after the completion of the roofing contract.
The trial judge was also of the opinion that the roof was improperly constructed, but that the cost of correction thereof amounted to the sum of $419.25. He, accordingly, awarded the plaintiff a judgment for $199.18, which- was the difference between the amount sued for and the cost of correcting the defective roof. In our opinion the evidence amply proves that the cost of repairing a portion of the improperly constructed roof amounted to the sum of $508.50. Therefore, since defendant has conceded that he owes plaintiff the sum of $618.43, the plaintiff is entitled to a judgment in the amount of $109.93.
We are likewise in accord with the conclusion reached by the trial court, reserving to the defendant his' right to recover from the plaintiff any loss which he may ultimately sustain as a result of liens filed against the property or claims asserted against him for materials or labor charges emanating from the contract.
*616 For the reasons assigned the judgment appealed from is amended by reducing the amount awarded plaintiff from $199.18 to $109.93 and, as thus amended, it is affirmed.
Amended and affirmed.