REGAN, Judge.
Plaintiff, Pelican Signs, Inc., instituted this suit against the defendant, L. A. D’Aquin, conducting his business under the trade name of “The Willow,” endeavoring to recover the sum of $258.44, representing the unpaid balance due on a contract in the amount of $332.69 for the manufacture and erection of a neon sign and for replacing or repairing two lamps therefor at a subsequent time at a cost of $25.75.
Defendant answered and admitted execution of a written contract on January 30, 1953, relating to the manufacture and erection of the aforementioned sign but denied that he was indebted unto the plaintiff in any sum whatsoever for the reason that it had not been erected in conformity with the contractual specifications and that the quality of the workmanship was so poor that the $100 paid on account was sufficient compensation therefor.
From a judgment in favor of defendant dismissing plaintiff’s suit, it has prosecuted this appeal.
An examination of the record initially discloses the absence of a transcript of the evidence usually adduced at a trial in a court of original jurisdiction. In the course of oral argument before this court, we were informed by respective counsel that on the date the case was fixed for trial, a stenographer was unavailable and the attorneys agreed to litigate the matter without the benefit of this service.
Chronologically, suit was filed on November 29, 1955, and a judgment was rendered herein on December 10, 1956, in favor of the defendant. Thereafter on December 11, 1956, counsel for plaintiff requested the court to prepare a written statement of facts and reasons for its judgment.
The record actually contains plaintiff’s petition; the answer of the defendant; his motion for subpoena duces tecum requesting production on the trial hereof of sketches, drawings, designs, plans, and specifications for the sign “The Willow” which were prepared by the plaintiff; and in response thereto a drawing of the sign “The Willow” and the contract were produced. The record also reveals, in response to a request of plaintiff’s counsel, written reasons of the trial judge in which he sets forth most of the facts, a discussion of the respective contentions of the litigants and the testimony of their witnesses, his conclusions drawn therefrom, the law which he considered applicable thereto, and the final decree rendered herein.
Since the record lacks a transcript of the testimony usually adduced in a trial court, we shall consider the written reasons of the judge thereof as a “Statement of Facts” in conformity with the applicable article of the Code of Practice.[1]
The contract reads:
“Please manufacture and erect for us Two Electrical Advertising Displays to conform to the following approximate specifications:
Length — Width — Single Face — finished in Porcelain Enamel
“To read The Willow in 18" Inch Blue Letters. The above Neon Sign in Pre-Fab porcelain letters.
« iji * ‡ * *
“For the above described displays (I) we will pay One hundred dollars with this order and the balance on erection of the displays Two hundred twenty-three dollars plus tax.”
*724 The trial judge in his reasons for judgment wrote that:
“ * * * The defendant * * * testified that he had been informed that the letters would be mounted on a frame, and that the frame would be fastened to his building * * * so that .none of the letters would be in contact with any portion of the building * * * that he at au times has been ready, willing and able to pay the contract price, but that he has refused to do so for the reason that the sign was not constructed in the manner in which it was represented to him * * * that shortly after the sign was originally constructed, the plaintiff had to affix a make-shift iron support to the letters to prevent their being blown out of alignment by high wind.
“The plaintiff called as a witness its credit manager who testified that he had gone out to the defendant’s place of business and had been advised by the defendant that the sum would be paid * * *. The plaintiff also called to the stand a former employee who testified that he was present with the credit manager at the defendant’s place of business * * * and that defendant instructed the credit manager that he would pay the bill when the sign was fixed. The defendant called a witness who testified that he was present when the defendant and an agent of the plaintiff agreed on the sign and that it was his recollection that the letters were to be affixed to a frame and that, the frame was to be fastened to the building in such a fashion * * * that the letters would be above the surface of the building.”
From these facts the trial judge reasoned that the plaintiff had failed to substantially comply with the contract and therefore dismissed its suit.
We are of the opinion that the foregoing facts as found by the trial judge may have constituted substantial performance of the contract;[2] however, we are unable to judicially evaluate the validity of such a conclusion since the cost of repairing the defective sign does not appear in the trial court’s findings or reasons for judgment, and therefore in the interest of justice we think the case should be remanded[3] in order to permit the litigants to introduce such evidence as would reveal the cost of repairing or correcting the defects.
For the reasons assigned the judgment appealed from is set aside, and it is now ordered, adjudged and decreed that this matter be remanded for further proceedings consistent with the views hereinabove expressed. The costs of this appeal are to be borne one-half by appellant and one-half by appellee, and all other costs are to await the final determination of this case.
Set aside and remanded.

. Art. 603, La.Code of Practice.

. The damage for the breach of a building contract is usually the cost of repairing the defective work when the owner derives some benefit from the defective construction. Ebert v. Chambers, La. App.1956, 87 So.2d 613; Montague v. Milan, La.App.1953, 67 So.2d 351; Art. 2769, LSA-Civil Code of 1870.

. “Reversing and remanding case. — But if the court shall think it not possible to pronounce definitively on the cause, in the state in which it is, either because the parties have failed to adduce the necessary testimony, or because the inferior court refuse to receive it, or otherwise, it may, according to circumstances, remand the cause to the lower court, with insti’uctions as to the testimony which it shall receive, to the end that it may decide according to law.” Art. 906, La.Code of Practice.