HARDY, Judge.
This is a suit by plaintiff contractor for the recovery of judgment for the contract price and extras in the total 'amount of $8,456.19 incurred in the erection of a residence for the defendants, husband and wife. The defendants generally denied plaintiff’s claims, specifically averred that the construction was faulty, unsatisfactory,, incomplete, unfit for use, and prayed, first, for the rejection of plaintiff’s demands, and, alternatively, for judgment in reconvention, or as an offset, to the extent of alleged damages in the amount of $5,000.
From a judgment in favor of plaintiff in the principal sum of $5,000 he has appealed. Defendants have answered the appeal, praying the amendment of the judgment by increasing the amount allowed in offset or reconvention.
Sometime during the month of April, 1953, the parties to this litigation entered into a verbal contract for the construction of a residence dwelling on property of de *535 fendants for a contract price of $6,863.97, to which some extra building costs in the amount of $1,592.22 are claimed by plaintiff contractor as having been performed in accordance with the request of defendants. The burden of the defense is that the construction was not performed in a workmanlike manner, and defendants listed fifteen detailed defects which allegedly rendered the dwelling almost completely unsatisfactory.
At the close of the taking of evidence on trial the district judge dictated into the record his conclusion that the residence had not been properly constructed in accordance with good workmanship, which conclusion he predicated not only upon the testimony adduced upon trial but upon his personal observation of the premises. He left for consideration the resolution of the extent of the damage which should be allowed defendants, and, later, in a written opinion set forth his finding that the allowance to plaintiff of the sum of $5,000 would be reasonable under the circumstances.
Before this court, on behalf of plaintiff, it is urged that the evidence supported plaintiff’s claim for the amount of $8,456.19, and further that defendants-appellees are estopped from refusal to make full payment by reason of the fact that they accepted the construction, moved into the house, and, for an extended period of time, made no complaints of alleged defects in construction.
Our examination of the record discloses that the construction of the residence was faulty in numerous respects due to the failure of workmanlike construction in accordance with proper and accepted building practices; the defects, which we find it unnecessary to specifically enumerate, were of such a serious nature that they substantially diminished the value of the construction; that defendants expended the sum of $1,600 in attempting to correct some of the existing defects, despite which the building is still unsatisfactory due to the faulty construction by the plaintiff-contractor. The most serious of the defects remaining, after defendants’ effort to correct same, is an extensive crack in the concrete slab constituting the foundation upon which the residence was erected, which slab was unreinforced. It is noted that plaintiff made some contention that the specifications did not call for a reinforced slab. The purported specifications as they appear in the record are so vague, indefinite and uncertain that we hardly think they can be accorded serious regard or import. The testimony of the witnesses supports the conclusion that the erection of a building upon an unreinforced concrete slab is not in accord with good building practice and is almost inevitably subject to the danger of cracking, a defect which cannot be easily remedied.
Without the necessity of detailed discussion we think the record amply supports the conclusion of the district judge that plaintiff is chargeable with full responsibility for the improper construction and lack of good workmanship in connection with the performance of his contract. It follows that he must be held liable for the resulting damage. Counsel for plaintiff relies upon the assertion that the law only requires substantial compliance with plans and specifications, citing Peterson v. Peralta, 3 La.App. 516, and Davidson v. McGrath, 5 La.App. 125. Our examination of the cited cases indicates that they are not apropos and, additionally, we point out that in the instant case the skeleton plans and specifications here'involved do not provide a sound basis for plaintiff’s reliance, nor do they minimize his obligation for proper construction and good workmanship in connection therewith.
To the contrary we think our jurisprudence is well established in support of the plain provisions of LSA-C.C.' Articles 2762 and 2769, which read as follows:
“Art. 2762. Liability of contractor for damages due to badness of workmanship
*536 “If a building, which an architect or other workman has undertaken to make by the job, should fall to ruin either in whole or in part, on account of the badness of the workmanship, the architect or undertaker shall bear the loss if the building falls to ruin in the course of ten years, if it be a stone or brick building, and of five years if it be built in wood or with frames filled with bricks.”
“Art. 2769. Contractor’s liability for non-compliance with contract
“If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract.”
In Chatelaine v. Globe Construction Company, 229 La. 280, 85 So.2d 515, the opinion of Mr. Chief Justice Fournet re-enunciated the principle that a contractor failing to properly construct a building is liable for the costs incident to the repair thereof. To the same effect see Hunter v. Mayfield, La.App., 106 So.2d 330.
Nor do we find any validity in the assertion of estoppel under the facts of the instant case. According to plaintiff’s petition the actual construction work was performed during the period from April 15th. to August 19, 1953, inclusive. It is true that defendants moved into the residence, while it was under construction, on June 27, 1953, but this was done because of the enforced necessity of vacating the premises in which they had theretofore resided and cannot be construed, even by implication, as an acceptance of the building under construction, which even plaintiff does not contend was completed until after the middle of August. Additionally, the record substantiates the fact that defendants made written complaints as to the construction defects in communications directed to plaintiff by registered mail under dates of August 20th and September 1, 1953. The-first communication included the following; statements:
“In regard to our talk Wednesday afternoon, you stated that you would not do anything else to complete the: job on my house.
“I do not think that you have completed your contract and when you make tire adjustments I will pay the balance on contract.”
The second communication reiterated the-demand for adjustments and listed some-thirteen defects in connection therewith.
We note that counsel for plaintiff ire brief before this court argues that:
“Defendants-appellees accepted the-construction and moved into the house on June 27, 1953 and did not make any objection to alleged defects until December 1, 1953 * *
The above asserted facts constitute the basis for the plea of estoppel. We have pointed out the reason for defendants’ occupancy, and under the circumstances involved we cannot consider that the same constituted an acceptance of any nature or degree. We can only conclude that the argument that no objection was made until December 1st constitutes inadvertent error on the part of counsel, for as we have-stated, written objections were specifically and emphatically asserted, as above noted.
Under our appreciation of the established facts there is not the slightest ground upon which the plea of estoppel can be reasonably predicated. While we find no need for citation of authorities on this point, reference may be made to Sarrazin v. Alfred A. Adams & Company, 110 La. 124, 34 So. 301; Hunter v. Mayfield, supra.
The greatest difficulty which we have encountered in the instant case relates to the assessment of damages. There is no question as to the fact that defendants ex *537 ■pended $1,600 in correcting some of the ■existing defects caused by plaintiff’s neglect in construction operations. Nor do we have any question as to the conclusion that •the value of the improvements has been substantially diminished by the existence of ■serious defects, chargeable to lack of proper ■workmanship and construction, which have ■not been corrected. The learned Judge of the district court did not elaborate upon his reasons for fixing his judgment in favor of plaintiff in the sum of $5,000, representing the allowance of $3,456.19 as damages ■against the amount claimed.
From our own examination of the record we find that the expert testimony of Mr. Walter L. Hunter, an experienced and •qualified realtor and appraiser, on behalf •of defendants presents the most substantial •and comprehensive evaluation of damages which is to be found in the record. This witness, after an examination of the residence, based his conclusion upon a replacement cost of $11,500, and an estimate of "the actual value of the construction, considering the factor of future economic or useful life thereof, at $5,750. This testimony stands without rebuttal. Under extended and searching cross examination by ■counsel for plaintiff the witness remained firm in his conclusion that the existing defects, by reason of faulty construction, had reduced the value of the building to 50% •of what might otherwise be expected. We think the effect of this testimony must be accepted, but we cannot wholly subscribe to the basis of valuation upon which it was predicated. Our own calculations indicate the necessity for establishment of value upon the basis of the contract price, plus ■extras, amounting to $8,456.19, to which •should be added the additional sum of $1,-•600 expended by defendants, aggregating a total of $10,056.19. In other words, if we accepted the actual contract price, plus the extra expenditure by defendants, conceding arguendo that these latter expenditures corrected the defects in construction, we would arrive at a total investment value of approximately $10,000. However, being firmly convinced that the construction defects have not been remedied, and accepting the uncontroverted testimony of Mr. Hunter that the valuation has been reduced by approximately 50%, we think the result serves to sustain the defendants’ claim to damages in the sum of $5,000, which, accordingly, should be allowed.
As to the assessment of costs against defendants, with respect to which they complain, in the absence of any tender on their part of any amount due the plaintiff, we think this claim is not entitled to consideration.
For the reasons assigned the judgment appealed from is amended to the extent of reducing the amount allowed in favor of plaintiff to the principal sum of $3,456.19, with interest thereon at the legal rate from date of judicial demand until paid, and, as amended, the judgment appealed from is affirmed. Costs of this appeal are taxed against plaintiff.