HALL, Judge pro tcm.
The plaintiff, Dr. Durwood J. Thibodaux, Jr., prosecutes this appeal from a judgment of the Civil District Court for the Parish of Orleans maintaining defendant’s exceptions of ,no cause or right of action and dismissing his suit at his cost.
Plaintiff filed suit for damages allegedly sustained by him as a result of poor workmanship performed by the defendant, Z. A. Strate, Jr., in constructing a. residence located at 5604 St. Bernard Avenue in the city of New Orleans. Defendant filed an exception of no cause or right of action to any claim of defendant arising ex contractu and an exception of prescription to any claim lying in tort.
. The District Judge after hearing argument referred the exceptions to the merits and after full trial on the merits maintained the exception of no cause or right of action and dismissed plaintiff’s suit.
The facts, as disclosed by the record, are that the defendant, Strate, built the residence according to his own plans on a lot owned by him intending to put it on the market for sale when completed. On October 29, 1954, the defendant sold the residence to Mr. Percy E. Roberts. At the time of the passage of the Act of Sale the residence had been completed except for some “finishing touches” which were made shortly after Roberts took possession. The relationship between the defendant, Strate, and Roberts was solely that of vendor and purchaser. There was and never had been any construction contract between them oral or written, express or implied. In fact, the residence was constructed by the defendant for sale to whomsoever might purchase it and he and Roberts had had no contacts with each other before the sale.
Several months after Mr. Roberts purchased the home he noticed that the floor was sinking and that quite a bit of space was opening up between the baseboard and the wood floor.
Upon his attention being called to this condition Strate attempted to remedy it by' placing a steel beam under the floor slab. Insofar as Roberts is concerned this seemed to be a complete remedy. The floor stopped sinking and he lived in the house until he sold it approximately eighteen months thereafter without any reappearance of the trouble.
On December 3, 1956, Mr. Roberts sold the house to Dr. Durwood J. Thibodaux, Jr., the plaintiff herein. Mr. Roberts, who is an architect by profession, testified that at the time he sold the house to Dr. Thibo-daux “the house was as good as new because, the floor had obviously stopped sinking after eighteen months and I thought the house was in first class shape and I knew of no defects at all. I was fairly certain that the sinking had all stopped and everything was fixed”.
However, within six months after plaintiff bought the home, his wife noticed thaf the floor was beginning to separate from the walls and cracks were beginning to appear in the tile work. ’ This condition got worse until it reached a peak in December, 1957.
On July 18, 1958 (nearly four years after Strate’s sale to Roberts, nineteen and one half months after the sale by Roberts to Dr. Thibodaux and more than a year from the time the defects were first noted by the latter) Dr. Thibodaux filed this suit against Strate. Roberts was not made a party to the suit.
Plaintiff does not found his suit on redhi-bition (LSA-C.C. art. 2520 et seq.) or in tort (LSA-C.C. art. 2316) possibly in order to circumvent the one year prescription ap *851 plicable to those actions. Instead plaintiff alleged in his pleadings that “the said residence was constructed for and on behalf of Percy E. Roberts, Jr.” and bases his entire claim on the provisions of Louisiana Civil Code Article 2762 (LSA-C.C. art. 2762) which reads as follows:
“If a building, which an architect or other workman has undertaken to make by the job, should fall to ruin either in whole or in part, on account of the badness of the workmanship, the architect or undertaker shall bear the loss if the building falls to ruin in the course of ten years, if it be a stone or brick building, and of five years if it be built in wood or with frames filled with bricks.”
Plaintiff’s contention is “that there was a sufficient contractual relationship between the defendant and Roberts to authorize an application of Civil Code Article 2762 in favor of Roberts or his successors in title”; that Strate’s sale to Roberts was with full warranty “against all troubles * * * ” and that Roberts sale to plaintiff, Dr. Thi-bodaux, was made “with all legal warranties and with full substitution and subrogation to all the rights and actions of warranty which he has or may have against preceding owners and vendors”; and that as a result of his subrogation plaintiff is entitled to maintain this action against the original vendor, Strate. '
The record does not substantiate plaintiff’s contention that there was a sufficient contractual relationship between the defendant and Roberts to authorize an application of Article 2762. On the contrary, the record abundantly establishes the fact that there was at no time any contractual relationship between those parties except that of vendor and purchaser.
In maintaining plaintiff’s exception of no cause or right of action the District Judge had this to say: “I can’t interpret the language of 2762 of the Civil Code to cover a situation as we find here where the defendant was the owner of a lot, built a home and sold it to a purchaser who subsequently sold it to the plaintiff in this case. The Court construes the language ‘If a building which an architect or other workman has undertaken to make by the job’ to require a contract, and there being none between these parties (plaintiff and defendant) or between the defendant and the original purchaser, Roberts, the Court must sustain the exception * * (Emphasis ours.)
We are thoroughly in accord with the reasoning and ruling of the District Judge. No other interpretation can be placed upqp the wording of Article 2762.
Plaintiff cites Matthews v. Rudy, 4 La. App. 226 and Chatelaine v. Globe Construction Company, 229 La. 280, 85 So.2d 515, as being favorable to the proposition that there need not be a contract to hold the builder liable under the article.
Plaintiff can derive no comfort from the cited cases since the Court in both instances found that there was an agreement or con-' tract between the ultimate purchaser and. the builder covering the construction of the houses. Planiol in his “Treatise on the Civil Law” in Vol. 2, Part 2, par. 1910, in. discussing the analogous article 1792 of the Code Napoleon says: “It is also by nature contractual, since the architect and the entrepreneur undertake certain work by contract * * *
There being no agreement between Roberts and the defendant, Strate, covering the construction of the house, Roberts could not have maintained an action against Strate under Article 2762. Consequently, the plaintiff, Dr. Thibodaux, as Roberts’ subrogee cannot maintain such an action. The subrogee cannot acquire by subrogation greater rights than the subrogor had.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.