FRUGÉ, Judge.
Plaintiff brought this suit against J. B. Talley, a building contractor, seeking to *102 recover the cost of remedying certain defects in the tile floors of several motel units. ' In addition plaintiff seeks to recover other itemized damages.
In answer to the suit the defendant, J. B. Talley, denied that there were any defects in the flooring and asked that the sub-contractor, Howard Amy, be called in as third party defendant and made to stand in judgment in the event the defendant was held liable. The third party defendant filed an answer denying any defective work on his part and in reconvention seeks to recover the cost of certain expenses he incurred in attempting to' remedy the abovementioned defects. Upon trial, the lower court awarded plaintiff damages in the amount of $2,-582.66 against the defendant, J. B. Talley. Judgment was also rendered in favor of J. B. Talley in the amount of .$2,582.66 against the third party defendant, Amy..
From this judgment plaintiff has appealed asking an increase of the judgment to the sum of $7,400.09 to cover the return of the contract price for the defective flooring in the amount of $5,400.09 and $2,000 for itemized damages. Third party defendant, Amy, has also appealed from the judgment in favor of defendant, J. B. Talley.
The only defect complained of is the vinyl tile flooring which did not adhere to the concrete floor. The trial court concluded that the cause of this defect is hydrostatic pressure which forces water through the concrete floor. This conclusion is supported by extensive expert testimony, and we are in complete accord with this finding of fact. The construction of this concrete floor was performed by defendant, J. B. Talley, under the supervision of his superintendent and the specifications for this concrete floor were drawn up by defendant’s superintendent.
In an analogous case our Supreme Court 1 considered' a similar occurrence and stated:
“The plaintiff’s fourth claim is for the cost of repairing the floor of the cocktail lounge which in consequence of dampness became buckled in several places. The floor was constructed by laying first a four inch concrete slab, then laying on the slab a membrane of waterproof paper, and on top of that applying a coat of pitch. Wooden strips or screeds were fastened to the concrete, and the floor was laid on the screeds. The plaintiff contends that this method of construction was faulty in that two coats of pitch should have been applied to the concrete slab, the two coats of pitch being separated by a membrane of waterproof material, and that the applying of only one coat of pitch, instead of two coats separated by the membrane, is what caused the buckling of the floors, by allowing moisture from the ground to penetrate into the wooden or upper layer of the floor and causing it to expand. * * * Two expert witnesses for the plaintiff and one for the defendant testified that the proper way to construct a waterproof floor was to apply two coats instead of one coat of pitch to the concrete slab, with a waterproof membrane between the two coats of pitch. The evidence convinces us that the buckling of the floor was caused by defective construction in applying only one coat of pitch on the concrete slab, instead of two coats separated by a waterproof membrane, and that the defendant therefore is liable for the cost of replacing the floor.” Rinaudo v. Treadwell, 212 La. 510, 32 So.2d 907.
We feel that the conclusion is inescapable that the defendant is liable for the defective tile floors. The evidence in this case clearly indicates that the water seepage caused by the hydrostatic pressure could have been avoided by laying four inches of gravel beneath the concrete slab. Numerous experts in the construction trade testified that this was the proper method of constructing a concrete floor. Since the defendant undertook to construct this concrete foundation as part of the building contract he must be held liable for any defects in its construction.
*103 The defendant seeks to escape liability on the ground that under LSA-C.C. art. 2762 a contractor is not liable for defects of the soil — citing Fremont v. Harris, 9 Rob. 23 and Powell v. Markham, 18 La.Ann. 581. While it may be said that these decisions stand for the proposition that a contractor is not liable for defects caused by badness of the soil, the law is quite clear that a contractor who is aware of such defects and fails to adjust the construction to take care of them or fails to call them to the attention of the owner, is liable for having failed to construct the building properly according to accepted building practices. Chatelaine v. Globe Construction Co., 229 La. 280, 85 So.2d 515. Although the hydrostatic condition of the soil cannot be attributed to the work performed by the defendant, his failure to prevent water seepage by properly constructing the concrete floor render him liable for the resulting defects in the tile floor.
 The damage for the breach of a building contract is the cost of repairing the defective work where the owner derives some benefit from the defective construction. Pelican Signs, Inc. v. D’Aquin, La.App., 107 So.2d 722; Ebert v. Chambers, La.App., 87 So.2d 613; Scheppegrell v. Barth, 239 La. 42, 117 So.2d 903; Leopold v. Leggio, La.App., 79 So.2d 925; Norman v. Brown, La.App., 83 So.2d 488. In the case at bar the defect is in the faulty construction of the concrete floors. As a direct result of this faulty construction, plaintiff has had to remove and replace the vinyl tile floors in several of the motel units. Furthermore the evidence discloses that eventually the remaining vinyl tile floors will have to be removed and replaced. Therefore, in the case at bar, the cost of repairing the defective work must necessarily include not only the cost of replacing the tile floors but also the remedying the defects of the concrete slab foundations of the motel units. Plaintiff, in his prayer for relief, seeks reimbursement of the contract price for the defective tile flooring. Presumably this amount is considerably less than the total cost of repairing the concrete slab and replacing the vinyl tile floors. We are of the opinion that plaintiff is entitled to the amount, as requested by his prayer only, and therefore amend the award of the lower court from $2,582.66 to $5,-409.09. We feel that plaintiff has failed to prove his other items of damage.
Insofar as the third party defendant is concerned, it appears from the evidence that the tile sub-contractor, Amy, properly installed the flooring and that the defects are not due to the workmanship or any defects in the materials used but resulted entirely from the failure of the defendant to lay a proper foundation. There is nothing in the record to show that the sub-contractor laid the tile floor in an im-’ proper manner or that he could have pre-’ vented the tile from buckling. As previously stated the water seepage through the concrete foundation was the only cause of this defect, and this water seepage must be attributed to the .failure of the contractor to properly construct the concrete floor. See Loeb v. Staples, 234 La. 642, 101 So.2d 1.
We agree with the trial court in dismissing Amy’s reconvéntional demand for lack of adequate proof.
For the reasons assigned the judgment appealed from is amended so as to increase the award to $5,400.09. As to the third party defendant, Amy, the judgment is reversed and the demands against him dismissed. Otherwise than as herein amended or reversed, the judgment is affirmed. All costs of this appeal are assessed against the defendant, J. B. Talley.
Amended in part, reversed in part and affirmed in part.
On Application for Rehearing.
En Banc. Rehearing denied.