215 So.2d 136 (1968)
Charles A. BROUSSARD, Plaintiff-Appellee,
v.
R. G. PIERRET, Defendant-Appellant.
No. 2434.
Court of Appeal of Louisiana, Third Circuit.
October 31, 1968.
*137 Fredric G. Hayes, Lafayette, for defendant-appellant.
Mouton, Roy, Carmouche & Hailey, by John Bivins, Lafayette, for plaintiff-appellee.
Before TATE, FRUGE, and SAVOY, JJ.
TATE, Judge.
The plaintiff Broussard sued for damages resulting from faulty construction of a building by the defendant Pierret. The defendant appeals from an award in favor of the plaintiff.

1.
The most serious issue on appeal is the defendant's contention that the plaintiff's suit is prescribed. The defendant urges that the one-year prescription for redhibitory defects of sales is applicable,[1] rather than the ten-year prescription for defective performance of building contracts.[2]
The plaintiff Broussard had acquired title from Pierret by a 1962 deed of cash sale. The latter argues that therefore the one-year sales prescription bars this suit filed in 1965.
However, the pleadings and the evidence reflect that the house was constructed for the plaintiff Broussard by the defendant Pierret on land owned by the latter. By the pre-construction agreement between the parties, Broussard and Pierret agreed upon a price based upon an original set of plans, with Pierret to make changes and be charged for them during the course of construction. (Broussard moved into the house upon its completion, several months before a formal act of sale was passed.)
Under these circumstances, the agreement between the parties is regarded as a building contract, by which an undertaker agreed for a certain price to furnish the materials needed and to perform certain work for another. LSA Civil Code Articles 2756, 2757. Although following the construction, the contractor transfers title by a sale to the work he built for the purchaser, the parties are held to the obligations arising from a building contract, including that provided by Civil Code Article 2762, rather than those of seller-purchaser, for the contractor "agreed to construct the house for a certain sum according to the selected plan." Wurst v. Pruyn, 250 La. 1109, 202 So.2d 268, 271 (1967); Chatelaine v. Globe Construction *138 Co., 229 La. 280, 85 So.2d 515 (1956); Matthews v. Rudy, 4 La.App. 226 (1926); Comment, 7 La.L.Rev. 564 (1947).
Thus, as the cited Wurst and Matthews decisions expressly hold, where a home sold is constructed for a purchaser under the present circumstances, the purchaser's right to recover damages for defective performance is subject to the ten-year building-contracts prescription of LSA-Civil Code Article 2762, not the one-year sales prescription of LSA-Civil Code Article 2534. The trial court correctly overruled the defendant's plea of prescription.

2.
Alternatively, the defendant contends that the award should be reduced because the plaintiff's acts aggravated the damages. (The trial court awarded damages of $2,669, based upon uncontradicted proof that this would be the cost of replacing the spoiled sheetrock walls and of housing the Broussard family during the seven days required for this construction work.)
The defendant Pierret argues that the award should be limited to $840, which would have been the cost of cleaning instead of replacing the spoiled sheetrock. The repairman estimated the defective work might possibly have been repaired for this sum, if Broussard had not previously attempted in 1962 and in 1963 to repair the defect by repairing it, per arrangement with and at the cost of the manufacturer of the defective product.
The record does not reflect that Broussard's efforts to minimize the damages were unreasonable. Accordingly, the principle applicable is: "* * * Where the injured person undertakes to minimize or reduce the loss, and in so doing uses reasonable care, he can recover in full for all damages he has sustained although his efforts to reduce the loss have actually resulted in an increase of the total damage." 25 C.J.S. Damages § 95 (1966 ed.).
Decree.
For the foregoing reasons, we find no error in and therefore affirm the trial court judgment, at the cost of the defendant-appellant.
Affirmed.
NOTES
[1] LSA-Civil Code Article 2534; Rapides Grocery Co. v. Clopton, 171 La. 632, 131 So. 734; Crowley Grain Drier, Inc. v. Fontenot, La.App. 3 Cir., 132 So.2d 573.
[2] LSA-Civil Code Article 2762; Yeargain v. Blum, La.App. 4 Cir., 144 So.2d 756, 1 A.L.R.3d 909; Hunter v. Mayfield, La. App. 2 Cir., 106 So.2d 330.