KENNON, Judge.
This is a suit by George Banks to recover from Willie Reed and Mildred Reed the sum of $232.50 as the balance due Banks under a building contract with defendants. The petition recited that the defendants agreed to pay plaintiff a total of $485.50, for which he was to furnish all the labor necessary to build a four room house; that ■payments were to be made each week as the work progressed; that defendants had failed to make their payments in accordance with the agreement, and, when the building was almost completed, had ordered plaintiff to cease work and forbidden him to complete the building. Plaintiff also asked for $100 as attorney’s fees and for recognition of his labor and mechanic’s lien on defendants’ property.
After an exception of no cause of action was overruled, defendant Willie Reed in answer admitted that he had agreed to pay $485.50 to plaintiff in consideration of his furnishing all labor to build his house.in the City of Monroe, but set forth that a further consideration of the contract was that the house would be completed by April 1, 1950. The answer then charged that the plaintiff abandoned the job for unreasonable periods of time, and that on April 1, 1950 the house was far from complete in that plaintiff had not roofed the house, had not installed the bathroom or steps, had not walled three of the rooms and had hung only one door.
Willie Reed further admitted that he had, on April 14, 1950, told plaintiff to leave the job, but asserted that plaintiff had been paid for all services rendered to that time. Assuming the position of plaintiff in recon-vention, Willie Reed asserted that he had suffered $112 in damages due to plaintiff’s failure to roof the house; ' that he had expended $40 due to the installation of additional pillars; that he had expended $31 in rent due to plaintiff’s failure to comply with the contract, and prayed for judgment in reconvention for these amounts .in addition to $100 as attorney’s fees.
Defendant, Mildred Reed, after denying that anything was due plaintiff under the contract, asserted that she was the wife of Willie Reed, the other defendant; that there .was .a community .of acquets and gains existing between herself and her Co-defendant and therefore plaintiff’s suit against her should be dismissed. In the alternative, she adopted the answer filed by her husband. ■ ,
The District Court, in a written opinion, found that the evidence was inconclusive as to whether a time had been s'ét for completion of the house and also inconclusive as to whether or not the delays resulted from the failure of the owner to promptly furnish materials. He further found that the contractor was dismissed from the job when there remained about two weeks of work to be done. The Court concluded that the sum of $148 represented the potential profit to the contractor and rendered judgment in plaintiff’s favor for that amount, together with recognition of his lien and privilege. The action against Mildred Reed was dismissed. The case is before us on Willie Reed’s appeal from that judgment.’
A reading of the memorandum agreement contained in the record, reproduced below verbatim, indicates that there was no com- *556 píete, definite or businesslike contract between the parties:
“Feb. 23, 1950
. - “Monroe, La.
“#.l I have contract to build a (1) one story dwelling house for Mr. and Mrs.
. Willie Reed on Magnolia St. Monroe, La. paresih of Ouachita. - .

“#2 George W. Banks do agree under this contract to build said house for the sum of $485.50 and the said contract call for a (3) third to begin the job but under said condation will begin for the sum $50.00 and so much each week. And this • said house mager 24X36.
(4) Four room and a, bathroom also to porch front and back. I also agree to screen' all winder. I father agree to build a cabin in kitchen.

“#3 I also agree to build it on the word of Mr. and Mrs. Willie Reed the owner of the house. I also agree to give a complete job for the sum of $485.50.

“#4 I also agree when house is finnish and all money is not paid they would pay me along until it all are paid.
“Sine — George W. Banks Contractor “»;,t 128 Magnolia St.- .
“Monroe, La.
“Phone #3451-W

“Sine — Mr. and Mrs. Willie Reed “Owner
. . “No Magnolia St.
“Monroe, La.
“Phone #no.”
The record does not indicate that the credits on the back of the contract were made in accordance with the progress of the work. '$50 was paid on February 23rd; $50 on February 28th; $14 on March ílth; $38 on March 26th; $50 on April 1st, and $55 -on April 8th. These credits total the sum of $257.
Plaintiff testified that he began the wqrk promptly; that after the foundation was laid it wafe a week before the other materials arrived. While defendant in answer denied that plaintiff was ever delayed due to lack of materials, he impliedly admitted on cross examination that there were delays, stating at one point, “he (plaintiff) wasn’t off. but a week before I got that material.” The evidence as a whole indicates that needed materials were not always promptly delivered on the job by defendant and that plaintiff, at times, left the job in an idle condition. Just to what extent each party was responsible is not established.
Plaintiff employed several other carpenters to assist' him. The work was conducted irregularly up to mid-April, when Banks was dismissed from the job by the owner. At that time, all the outside walls were up. About half the roof was on. ' The work of partitioning two of the four rooms and the bath had not been done, and the outside steps had not been installed. Some of the detailed finishing work was incomplete.
Reed testified that plaintiff had requested twenty-five pillars, which he had provided, but only eighteen had been installed; that these had not been properly placed under the sill joints, and that the bedroom floor was not level. He further testified that the porch was higher than the house, resulting in water pouring into the rooms.
The contract contained no specifications ■ and the testimony in the record does not show that the April 1st completion date was more than an estimate of the probable completion time. Neither does the record establish that plaintiff was guilty of undue delays nor that there were substantial defects in the work done.
The Orleans Court of Appeal discussed the applicable principle of law from .the contractor’s viewpoint in the case of Reimann Construction Co., Inc. v. Upton, La.App., 178 So. 528, 529. In that case Judge McCaleb quoted with' approval the following extract from the case of Peterson v. Peralta, 3 La.App. 516: “‘A contractor may recover the value of the work which has enured to the benefit of the owner, although the work be defective or unfinished, if a price has been agreed upon ; the remedy of the' owner is a reduction thereof to an amount necessary to perfect *557 or complete the work according to contract.’ ”
Article 2765 of the Civil Code provides: “Proprietor’s right to cancel, contract— Indemnification of contractor. — The proprietor has a right to cancel at pleasure _ the bargain he has made, even in case the' work has already been commenced, by paying the undertaker for the expense and la-' bor already incurred, and such damages as the nature of the case may require.”
The record discloses that plaintiff ■ assumed full responsibility for the construction of the house on defendant’s lot. While the testimony adduced by defendant as to" the defects in construction was not sufficient in detail to support his reconventional demand, we do conclude that a portion at least .of plaintiff’s work was defective. This is particularly true of the location and arrangement of the pillars and sills which provided uneven support for the floor of the house. Under the circumstances, our decision is that misunderstanding between the parties resulted from the lack of a clear understanding and possibly to a. lack of cooperation on the part of both. Therefore, the contractor is entitled to no damages for his dismissal from the job and the controversy between the owner and contractor should be determined on an equitable basis and in accordance with the principle laid down in the Peterson case, supra, and Article 2765 of the Civil Code.
Plaintiff's, allegation that defendant had contracted to pay $485.50 for labor in the construction of the house is admitted by the stipulation in the record. The parties also stipulated that defendant had madé payments totaling $257. Plaintiff optimistically estimated that it would have required only $80 in labor to complete the job. Willie Reed .testified that, after dismissing Banks from the job, he completed the house with the help of three workmen ;■ that he paid one of these $76, another $50 and the third $25. Defendant further testified that after he had paid this $151 in labor and had done some work himself, the house still was not in suitable condition. Under the circumstances, we have decided it proper to allow this sum as the amount necessary to completé the work according to the contract.
After subtracting the stipulated credits; and the above allowance of $151, and-,crediting- plaintiff $2 for finishing nails provided by him,-there remains-a balance due to-the contractor, as a fair value of the expense and labor incurred, the sum of $79.50. .
In view of our finding that plaintiff is entitled only-to-judgment for the amount represented by work actually done, it' is unnecessary to pass on. defendant’s contention that plaintiff is not entitled to a lien for anticipated profit on the contract.
The judgment appealed from is reduced to $79.50, and as amended, same is affirmed. Costs of appeal to be paid by plaintiff; other costs to be paid by defendant.