YARRUT, Judge.
Plaintiff-appellant sues to recover for work done under a written contract (dated January, 1957) covering the moving and reinstalling of an air conditioning unit, including the necessary electrical work and metal ducts, in defendant-appellee’s restaurant. Plaintiff-appellant was principally engaged in the sale, installation and repair of air conditioning units and appurtenances. Defendant-appellee was the operator of a restaurant and bar at Grand Isle, La. Defendant-appellee was having other repairs made to his restaurant at the time.
The contract price was $1,057, and an additional item of $105.64 was for additional repairs and corrections made after the work under the contract had been performed. The air conditioning unit involved *291 was an old unit installed and used by defendant-appellee for some years, which plaintiff-appellant was to move to another part of the restaurant and do the other work stated above.
There is no dispute about the contract being in writing, what the contractor was to do, and the price he was to receive. After plaintiff-appellant finished the work, defendant-appellee found it necessary to replace the old air conditioning unit with a new unit. The unit was purchased and installed by another contractor. With the advent of the spring and summer months the air conditioning system, even with the new unit, was not giving satisfactory service. Plaintiff-appellant’s mechanics all admitted the failure of the system to give service was due to the lack of insulation of the metal ducts, which was plaintiff-appellant’s responsibility.
Plaintiff-appellant frankly admitted the insulation defect, its liability therefor, and offered to make the corrections, but not until defendant-appellee paid something on account of the contract price and extra work already finished. This defendant-ap-pellee refused to do, so nothing further was done by plaintiff-appellant.
Defendant-appellee did nothing to have the defects corrected, but continued to use the air ducts as installed by plaintiff-appellant. When asked why he continued to use the defective ducts, defendant-appellee stated he was keeping them for evidence.
The case was first tried in September, 1959, and, at the conclusion of the trial, the District Judge made the following observation:
“Neither Mr. or Mrs. Fink are in a position to say anything except the machine does not work now and didn’t work before, but the other people come in with a defense of why the difficulty. If they have a defense I certainly want to give them the benefit of it * * *. I would like some proof as to that.”
Counsel for defendant-appellee then requested that he be given time to get additional evidence, to which the Court replied:
“I will hold it open until Monday. By that time you find out if you want anything in connection with offering another witness and if it is reasonable I will permit it, with the understanding that the plaintiff will have the opportunity of rebuttal and so on.”
The trial was resumed in November, 1959. The only additional evidence was plaintiff-appellant’s testimony that the cost of insulating the ducts would be about $240. The District Judge rendered judgment dismissing plaintiff-appellant’s suit (June, 1960), holding that plaintiff-appellant was entitled to recover only on a quantum meruit basis, and gave plaintiff-appellant thirty days in which to bring a new suit on such basis.
We think the District Judge erred in dismissing plaintiff-appellant’s suit on the theory that plaintiff-appellant, having failed to complete the performance and having admitted defective work, had the burden of proving the value of the work done on a quantum meruit basis, before it could recover any amount.
With reference to the performance vel non of building contracts, where the contractor has defaulted, either in not completing the work or having performed defective work, but where there has been substantial performance, the contractor may sue for the full contract price. The remedy of the owner then is to allege and prove the nature and extent of the unfinished or defective work and the cost of completion and correction, the same to be deducted from the balance due under the contract. The burden is not upon the contractor to prove the value of the actual work done on a quantum meruit basis. LSA-C.C. art. 2769; Mangin v. Jorgens, La.App., 24 So.2d 384; A.B.C. Oil Burner & Heating Co. v. Palmer, La.App., 28 So.2d 462; Moore v. Usrey & Usrey, La.App., 52 So.2d 551; *292 Banks v. Reed, 52 So.2d 554; Spicuzza v. Ranzino, La.App., 73 So.2d 208.
Plaintiff-appellant frankly admits the ducts were defective in not being properly insulated. Therefore, the sole question presented is the cost of making the necessary correction. The only evidence in the record is the testimony of plaintiff-appellant’s manager that it would cost about $240. Defendant-appellee offered no testimony whatsoever on this phase. Since the contract price was $1,057, and the only evidence in the record is on behalf of plaintiff-appellant that it would cost $240 to make the correction, substantial compliance (approximately 75'%) certainly has been proved, as well as the cost of making the repairs.
Our first impulse was to remand the case to give defendant-appellee another opportunity to rebut the testimony of plaintiff-appellant’s witnesses as to the cost of repairs. However, as the District Judge already gave defendant-appellee ample time which was not availed of, we think it would be an undue hardship on plaintiff-appellant for this Court to remand the case for further hearing.
In the case of A.B.C. Oil Burner & Heating Co. v. Palmer, cited supra [28 So.2d 465], this Court of Appeal made this comment with reference to a similar situation, to-wit:
“The only evidence in the record as to the value of the cooling unit at the time of its conversion to Palmer’s use, was that offered by Mr. E. H. Loubat, who, testifying on behalf of Palmer, stated that it was worth $500. His testimony is criticized by counsel for plaintiff upon the ground that the valuation is too low for a piece of machinery for which his client was obliged to pay the manufacturer $917.50, almost double the value placed upon it by Loubat. However, that is the only testimony in the record and must be accepted.”
For the reasons assigned, the judgment of the District Court is reversed, and judgment rendered in favor of plaintiff-appellant and against defendant-appellee in the sum of $1,162.64, less a credit of $240, or a net amount of $922.64, with legal interest from date of judgment, to-wit, June 28, 1960 until paid, and costs in both courts.
Reversed.