128 So.2d 447 (1961)
Julian B. LOEB, d/b/a National Roofing & Siding Co.
v.
Jack H. NEILSON.
No. 21592.
Court of Appeal of Louisiana, Fourth Circuit.
April 3, 1961.
Reuter, Reuter & Schott, J. Richard Reuter, Jr., New Orleans, for plaintiff-appellant.
Thomas B. Wheeler, George C. Ehmig, Leonard A. Calcagno, New Orleans, for defendant-appellee.
Before McBRIDE, HALL and SAMUEL, JJ.
*448 SAMUEL, Judge.
Plaintiff seeks $783.26 and 20% attorney fees allegedly due on a written contract between the litigants under which plaintiff was to insulate the side walls and under the first floor of defendant's residence. The defense was that the work was defective and unfinished. Defendant also contended that he had offered to pay $600 for the work done. There was judgment in the trial court in favor of plaintiff in the amount of $600 only and plaintiff has appealed.
The record reveals that defendant contracted to have the work done after newly installed air conditioning and heating failed to function properly. His complaint is confined to the insulation beneath the floor and the method and manner in which the same was installed. He relies chiefly upon the fact that some of this insulation was loose and hanging down approximately 13 or 14 months after the plaintiff had completed his work, as shown by photographs introduced in evidence and upon the testimony of one witness who had been an unsuccessful bidder on the job. The plaintiff's testimony is to the effect that the job was properly completed in a workmanlike manner.
We find no need to discuss the evidence in detail because it is quite clear that the work was done and completed in accordance with the contract or that there was a substantial compliance with the contract. In either case the result would be the same. For the defendant has not alleged or attempted to prove the damages which he claims to have sustained, i.e., the amount it would cost to have the work properly completed under the contract if it be a fact that repairs and additional work were necessary.
This suit is founded on a building and construction contract governed by LSA-Civil Code Article 2769. The applicable law is different from that generally governing commutative contracts where there can be no recovery in the absence of full performance. Here a substantial compliance is sufficient to justify recovery of the contract price by the plaintiff. The owner's remedy in the presence of a substantial compliance or performance is to allege and prove the nature and extent of the unfinished or defective work so as to reduce the amount of the plaintiff's judgment by the amount of the cost of the necessary completion and correction. Ebert v. Chambers, La.App., 87 So.2d 613; Norman v. Brown, La.App., 83 So.2d 488; Spicuzza v. Ranzino, La.App., 73 So.2d 208. The owner, in this case the defendant, has the burden of proving both the defects and omissions on the part of the contractor and the cost of repairing and finishing the same. Airco Refrigeration Service, Inc. v. Fink, La.App., 127 So.2d 290; Mangin v. Jorgens, La.App., 24 So.2d 384; Merrill v. Harang, La.App., 198 So. 386.
The rule was well expressed by this court in the case of Lillis v. Anderson, La.App., 21 So.2d 389, 392:
"While it is the general rule that a person suing to recover on a commutative contract must allege and prove that he has fully performed his part of the engagement in order to recover, it is the well-settled jurisprudence of this state that this doctrine is without application to suits brought on building contracts. Article 2769 of the Civil Code provides: `If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his noncompliance with his contract.'
"The foregoing article has been construed by the courts to mean that, where a contractor sues on a building contract and it is shown that the work delivered is defective or unfinished, the contractor is, nonetheless, entitled to recover the contract price if the defendant fails to establish the damages he has sustained by reason of the contractor's partial default. The remedy *449 of the owner in such cases is for a reduction in the price to an amount necessary to perfect or complete the work according to the terms of the contract. * * *
* * * * * *
"In the case at bar, the defendants have mistaken their remedy as their sole defense to the action is that, since plaintiff has not fully performed the contract in accordance with the intendment of the parties, no recovery can be permitted. In no part of their answer did they allege, nor did they attempt to prove, the damages which they have sustained by reason of plaintiff's failure to level the house as stipulated in the contract. Therefore, we have no way of knowing how much it would cost to have the repairs completed and we cannot estimate the diminution in price to which the defendants might be entitled."
However, the defendant contends that the instant case presents an exception to the rule above set out in that this is a case in which LSA-Civil Code Article 1934, particularly the second portion of Paragraph 3 thereof, which gives the trial judge much discretion in assessing damages, should be applied. He urges that it would be impossible for him, or his experts, to determine the cost of repair unless walls, flooring and insulation are torn from the house and that this would work such a hardship upon him as to render a determination of an exact amount not only difficult and impracticable but virtually impossible. He relies on the case of Gureasko v. Polders, La.App., 111 So.2d 580.
We cannot agree with defendant's contention. Not only has he made no showing whatsoever as to the difficulty or impossibility of determining and proving the cost of the repairs which he claims are necessary but, in addition, we are of the opinion that such a cost could have been ascertained by him. We are not required to pass upon the applicability of LSA-Civil Code Article 1934 to this suit and do not do so.
For the reasons assigned the judgment appealed from is amended and accordingly it is now ordered that there be judgment in favor of the plaintiff and against the defendant in the full sum of $783.26, together with legal interest thereon from date of judicial demand until paid, and for 20% of said principal and interest as attorney fees, defendant to pay all costs in both courts.
Amended and affirmed.