163 So.2d 843 (1964)
Frank F. FEDERICO and Frank J. Prima, Jr.
v.
Rosemary MUHLEISEN, Wife of and Henry M. KRATZBERG.
No. 1434.
Court of Appeal of Louisiana, Fourth Circuit.
May 4, 1964.
*844 Chaffe, McCall, Phillips, Burke, Toler & Hopkins, Nolan Kammer, New Orleans, for plaintiffs-appellants.
Christensen & Christensen, Siegfried B. Christensen, III, New Orleans, for defendants-appellants, and plaintiffs in reconvention.
Before YARRUT, SAMUEL and BARNETTE, JJ.
SAMUEL, Judge.
This suit on a written contract calling for the extensive repair and remodeling of a residence was brought by the contractors against the owners of the property. Plaintiffs seek to recover the total sum of $2,688.86, consisting of $1,433.44, the balance due under the contract price, and $1,255.42, the amount allegedly due for extras. Defendants answered denying liability, averring alternatively that some of the extras claimed were included in the contract and others were neither ordered nor acquiesced in, and reconvened for damages due to what they claim is defective workmanship and for the recovery of excess interest charges on a home improvement loan occasioned by plaintiffs' failure to timely perform, a total of $4,534.40.
*845 There was judgment in the trial court on the main demand in favor of plaintiffs in the sum of $2,688.86, being the total amount claimed by them, and on the reconventional demand in favor of plaintiffs in reconvention in the sum of $2,310.00, the cost of correcting defective workmanship as found by the court. Both plaintiffs and defendants have appealed.
Plaintiffs' appeal seeks interest on delinquent progress payments, denied by the trial court judgment, and a reversal of the award of damages to the defendants as plaintiffs in reconvention. By their appeal, in addition to their alternate contention relative to extras, the defendants seek to set aside the entire award made to plaintiffs and to increase the award in their favor to the sum for which they originally prayed, which increase consists of the amount of the alleged excess interest charges occasioned by plaintiffs' failure to timely perform, an item denied by the trial court, plus the cost of correction as reflected by the highest of three bids or estimates, which highest bid was not used by the court as a basis for its award in reconvention.
The total contract price was $7,374.00 and there is no dispute that the unpaid balance was $1,433.44. The contract provided for certain progress payments to be made during the course of the work and 30 days thereafter. However, by mutual agreement among the parties no payments were made until after plaintiffs considered their work to have been completed at which time they billed the defendants for the entire contractual price. A bill for the extras was sent at a later date.
The only witness called by the plaintiffs, other than for cross examination under the act, was one of the plaintiff contractors. He testified that the work had been completed in accordance with the contract in a workmanlike and satisfactory manner as were the extras which were done with the consent and approval of the defendants.
In addition to the two defendants, three expert witnesses testified on their behalf. They were an architect and two contractors. These three witnesses, particularly the architect, testified to numerous instances of defective workmanship and to some instances where faulty material was used. The architect estimated the cost of correcting the defective work and replacing the faulty materials and the two contractors testified to bids they had submitted to perform the work necessary to be done as required by the architect's recommendations. In addition, at the conclusion of the trial and at the request of counsel for all litigants, the trial judge personally visited and inspected the premises.
Where a contractor has not completed the work called for in a building contract or where he has performed such work in a defective manner, but where there has been substantial performance, the contractor may sue for and obtain the full contract price less the actual cost of completion and correction of the unfinished or defective work, the burden being upon the owner to allege and prove the nature and extent of such work and cost thereof. D'Antonio v. Lemoine, La.App., 144 So.2d 719; Airco Refrigeration Service, Inc. v. Fink, 242 La. 73, 134 So.2d 880; Loeb v. Neilson, La.App., 128 So.2d 447; Norman v. Brown, La.App., 83 So.2d 488; DuBos v. Sanders, 174 La. 27, 139 So. 651.
We are satisfied, as was the trial judge, that in the instant case there was substantial performance by the plaintiffs but that some of the work was defective, and faulty materials were used, to the extent testified to by the architect. Plaintiffs are therefore entitled to recover the full contract price less the cost of correction. In computing such cost the trial court properly used the lower of the bids made by the two contractors who testified for plaintiffs in reconvention.
Plaintiffs are not entitled to an award for interest on delinquent payments.
*846 The contract makes no provision for interest or penalty in connection with delinquent payments of any kind and, as we have already pointed out, the contractual provisions requiring progress payments were changed by mutual agreement between the plaintiffs and the defendants. Plaintiffs are entitled only to legal interest from date of judicial demand and this was awarded in the trial court judgment.
The claim by plaintiffs in reconvention for the sum of money, $1,694.00, representing the difference between a 6% interest rate on a home improvement loan which they alleged they would have been able to obtain except for delay in performance by plaintiffs and the 7% interest rate on such a loan which they actually did obtain, was properly disallowed by the trial court. Other than the unsupported testimony of one of the defendants, Mr. Kratzberg, no evidence whatsoever was offered to prove that a 6% loan was available, or that any commitment to make such a loan had been made. Nor is there any proof at all that any action, or lack of timely action, by the plaintiffs caused the loss of the 6% loan, if in fact any such loan ever existed. Aside from any other consideration, plaintiffs in reconvention have failed to prove their allegations relative to their claim for interest.
The only remaining question is concerned with the extras and we feel that a detailed discussion of the voluminous testimony relative thereto is unnecessary. It suffices to say that, with one exception, we are of the opinion the trial court's award to the plaintiffs for extras is correct. That exception is the sum of $105.00 awarded as an extra for electrical wiring. There is no proof in the record that this wiring was done with the authorization, consent or knowledge of either of the defendants. We will reduce the judgment in favor of the plaintiffs by the sum of $105.00.
For the reasons assigned, the judgment appealed from is amended only insofar as to decrease the judgment on the main demand in favor of the original plaintiffs from the sum of $2,688.64 to the sum of $2,583.64. As thus amended and in all other respects the judgment appealed from is affirmed; costs in this court to be borne equally by the plaintiffs and the defendants.
Amended and affirmed.