198 So.2d 188 (1967)
Maurice APTAKER
v.
CENTENNIAL INSURANCE COMPANY OF NEW YORK (Chester C. Baudoin, Intervenor).
No. 7028.
Court of Appeal of Louisiana, First Circuit.
April 17, 1967.
*189 Francis G. Weller, of Deutsch, Kerrigan & Stiles, New Orleans, for appellant.
Harold J. Rhodes, Berwick, for appellee.
Michael J. McNulty, Jr., of Bauer, Darnall, Flaming, McNulty & Boudreaux, Franklin, for intervenor.
Before LANDRY, ELLIS, and BAILES, JJ.
ELLIS, Judge.
This is a suit for recovery under an insurance policy issued by defendant Centennial Insurance Company of New York, to intervenor, Chester C. Baudoin, in his capacity as Sheriff of the Parish of St. Mary. At the time of the issuance of the policy, the property covered thereby was owned by Maurice Aptaker, the plaintiff, but was in the custody of the Sheriff by virtue of a writ of executory process which had issued in another proceeding.
Some two months after the issuance of the subject policy, the property under seizure was heavily damaged as a result of Hurricane Hilda. A claim was made, the amount of the loss was established at $4,490.00 and a proof of loss in that amount was executed by Sheriff Baudoin. Shortly thereafter, a draft in that amount was delivered by Centennial to the Sheriff, who deposited it to his account. Before the check cleared, payment thereof was stopped by defendant.
Subsequently, the executory proceeding was settled by compromise, the suit was dismissed and the property seized was released to the plaintiff. On the same day, plaintiff filed this suit, asking recovery of $4,440.00 from defendant under the policy issued to the Sheriff. An exception of no cause of action because of lack of interest in the policy, and an answer in the form of a general denial were filed by defendant.
The Sheriff intervened in the suit, claiming the proceeds of the policy as the insured thereunder, and also asking for penalties and attorney's fees because of arbitrary refusal to pay. Issue was joined in this demand by a general denial filed by Centennial.
The exception was referred to the merits, and a trial held thereon. Judgment was rendered sustaining the exception and dismissing plaintiff's suit, and further granting judgment in favor of the Sheriff intervenor and against defendant for the full amount of the proof of loss. Plaintiff took no appeal from this judgment, and his case is not before us at this time. Defendant perfected a suspensive appeal from the said judgment.
The defense presented to the demand of the intervenor is that of lack of coverage. It is alleged by defendant that the only protection offered by the policy is against loss due to fire or lightning, and that no protection against loss due to other hazards, such as windstorm, is contemplated thereby. The face of the policy itself reveals that a premium was paid for fire insurance only, and it is clear that no premium for extended coverage under the policy was charged, paid or noted in the policy.
*190 The foregoing is conceded by appellee, but it is contended that the policy as written is ambiguous as to what coverage is afforded thereby, and that this ambiguity should be construed against Centennial, the writer of the policy. The claim of ambiguity is based primarily on the fact that the face of the policy recites that it is subject to Form No. 25-E3, which form is, in fact, attached to the policy. This form, which is required by law to be attached to the policy, contains certain general provisions relating to the policy on the face thereof, and, on the reverse, a number of provisions headed "Extended Coverage Endorsement." It is contended that a person would have difficulty in determining that the policy did not offer extended coverage, since this fact can be determined only by examining the box on the front page of the policy where the premium charges are shown.
However, appellant points out that the policy has the following limiting language on the first page thereof, immediately above the premium charge section:
"Insurance is provided against only those perils and for only those coverages indicated below by a premium charge and against other perils and for other coverages only when endorsed hereon or added hereto."
The following provisions on the front side of Form No. 25-E3 are also referred to by appellants:
"Extended Coverage(Perils of Windstorm, Hail, Explosion, Riot, Riot Attending a Strike, Civil Commotion, Aircraft, Vehicles, Smoke, Except as Hereinafter Provided).Coverage against the perils indicated in the above caption in accordance with and subject to all the terms and conditions of the Extended Coverage appearing on the back of this form will become effective only in consideration of an additional premium specifically inserted in the space provided therefor on First Page of this Policy."
The first line of the "Extended Coverage Endorsement" states that the coverage afforded thereby is "In consideration of the premium" for same.
There is no ambiguity in the above language, and appellee does not contend that there is. His position, in effect, is that the policy is ambiguous in appearance to one who does not read it at all, or who only reads selected parts of it.
We recognize that ambiguous language in a contract must be construed against the writer thereof. This principle is so well settled in our law that no citation of authority is necessary. However, that principle is applicable only when there is question of interpretation of the language in a contract.
If we were to uphold appellee's position in this matter, we would be holding that a party to a contract is bound only by those portions thereof which he bothers to read, and not by any limiting language which he overlooks.
We do not find in the record any evidence of mistake on the part of the company or its agent in issuing the policy. No matter what may have been in the mind of the deputy sheriff who ordered the policy, it is apparent that the coverage afforded by the policy is what was asked for. The fact that the company went so far as to issue a draft in settlement of the claim under the policy cannot change the fact that no coverage for damage due to hazards other than fire was afforded thereby.
We find the policy to be clear and unambiguous, insofar as the coverage afforded thereby is concerned, and that the coverage afforded was for damage due to fire or lightning.
For the above reasons, we are of the opinion that the judgment appealed is incorrect, and it is hereby reversed. There will be judgment in favor of defendant-appellant, Centennial Insurance Company *191 of New York, and against the intervenor-appellee, Chester C. Baudoin, Sheriff of St. Mary Parish, dismissing the intervention filed herein, with all costs in this court and the court below to be borne by appellee.
Reversed and rendered.