ON REHEARING
In this case, we granted both Plaintiff’s and Defendant’s applications for rehearings.
First, we will consider Defendant’s contentions: (1!) We should not have awarded attorney’s fees to Plaintiff; (2) We erred in awarding interest from judicial demand; and (3) We should have granted him the full award prayed for in his reconventional demand. We will consider each of these contentions in order.
Admittedly, attorney’s fees are due if Defendant breached his contract and it was necessary to employ an attorney to enforce it. Defendant contends that although Plaintiff did obtain two loans to finance the construction of improvements to Defendant’s home, the aggregate amount of the loans was in excess of $3500.00 and in contravention of FHA Regulations, Title 24, Chapter 11, Subchapter B, § 201.3. Thus he was free not to sign the loan applications and to pay in installments, which he admittedly did.
However, the contract provided that after a $296.00 down payment, the balance was to be paid in cash upon completion of the work. Two options were given to Plaintiff : (1) That he could obtain loans which would enable Defendant to pay for the work in installments; and (2) That the contractor could finance the job himself. We believe the above interpretation is clear from the *450 wording in the contract, which provides, inter alia:
“ * * * All of the above work to be done for the sum of: Five thousand Seven Hundred Ninety-six and °%oo Dollars ($5796.00) payable in cash, net, upon completion of the work. To facilitate payment, the Owner agrees to permit AA Home Improvement Co., Inc., to obtain a loan for him through a dependable source at payments not to exceed $127.45 per month for 60 months with no mortgage, or with a mortgage, through a1 dependable source, according to the lender’s terms, the monthly payments in either arrangement to include both principal and interest.
“ * * *
“In the event the AA Home Improvement Co., Inc. finances the job, and no mortgage or note is involved, and the owner shall become delinquent on any installment when due, then interest at 8% per annum shall run on the unpaid balance until the account is made current. * * * »
We find that the option to obtain the loans lay with the Plaintiff-contractor and, if for any reason Plaintiff did not obtain the loans or obtained loans unsatisfactory to the Defendant, Defendant was obliged to pay the balance in cash, provided, of course, ■ Plaintiff did not choose to finance the job himself.
We are mindful of the general rule that ambiguous language in a contract is to be construed against the one who prepared it, in this case Plaintiff-contractor. However, this principle is only applicable where there is a question of interpretation in the language of the contract. Aptaker v. Centennial Insurance Co. of New York, La.App., 198 So.2d 188. We find no ambiguity in this contract.
We reiterate that nowhere in the contract is Defendant-owner given the option of paying in installments, except with the permission of Plaintiff, and there is no evidence that Plaintiff agreed to finance the amount by accepting installments. Therefore, according to the terms of the contract, attorney’s fees are due.
We cannot agree with Defendant’s second contention, i. e., that he stopped the running of interest because he tendered the full amount of the judgment, plus interest, on September 30, 1967. It has been held that a tender of the full amount of the Trial Court’s judgment does not effect a suspension of interest when a judgment on appeal is greater than the amount tendered. Ledbetter v. Hammond Milk Corporation, La.App., 126 So.2d 658, and the cases cited therein.
For the reasons in our original opinion, we again reject Defendant’s reconventional demand.
Plaintiff’s only complaint is that although we did award attorney’s fees on the full amount of his contract with Defendant, we did not award attorney’s fees on the interest from judicial demand. We find merit in this contention, and conclude that attorney’ fees should also be awarded on the interest. Normand Company v. Abraham, La.App., 176 So.2d 178; Loeb v. Neilson, La.App., 128 So.2d 447.
For the reasons assigned, both on rehearing and in our original opinion insofar as the latter are not in conflict with this opinion, our original decree is recalled and set aside and the judgment appealed from is amended to award Plaintiff attorney’s fees of 25% of both the $5,500.00 award under the contract, and the legal interest thereon from date of judicial demand until paid; Defendant to pay all costs in both courts. As thus amended, and in all other respects, the judgment appealed from is affirmed.
Original decree recalled; amended and affirmed.