PICKETT, Judge.
This is an action arising out of a building contract. The Contractor, RAD Distributors, Inc., seeks recovery of the alleged balance due from the owner, Elmer L. Forstall, in the sum of $9,350.00, together with interest and other items resulting from the owner’s failure to pay the contractor. The owner seeks by way of re-convention against the contractor the recovery of an amount alleged to be necessary to correct deficiencies in the building caused by improper workmanship, and for damages resulting from anxiety, nervousness and irritation caused by the plaintiff’s failure to erect his building in a workmanlike manner.
On August 14, 1970, Elmer L. Forstall, contracted with RAD Distributors, Inc., to build a dwelling house on certain property situated on Sisters Road, in Tangipahoa Parish, Louisiana, for the contract price of $12,500.00. Certain extras were thereafter added and alleged by plaintiff to amount to $146.00. The contractor agreed to furnish all labor, material and supplies and to complete the work in a good and workmanlike manner on or before November 15, 1970.
RAD Distributors, Inc., alleged that because of the failure of defendant, Elmer L. Forstall, to pay the balance of the contract price when due on November 15, 1970, it had been required to pay interest at the rate of eight per cent per annum from that date on money borrowed by it. Furthermore, because of the defendant’s failure to accept the building, it had paid insurance at the rate of 26 cents per day from November 15, 1970. Plaintiff brought suit for these amounts.
The defendant answered setting forth the defense of incomplete, improper and de *500 ficient work. He alleged some fifty-two items of defective workmanship and imperfections. He alleged an estimated cost of $10,127.00 to correct the defects plus $162.00 for rent that he had to pay, and an additional sum of $25,000.00 for anxiety, et cetera. These amounts he seeks by way of reconventional demand.
The trial in the district court resulted in a judgment in favor of the plaintiff as prayed for, less a credit of $58.00 found by the Trial Judge to be the cost of remedying the defects found in the building. The reconventional demand of the defendant was denied. The court costs were equally divided between the parties.
The defendant has appealed suspensively. The defendant contends the trial court erred in disregarding the evidence of E. A. Doucet, a qualified expert, who used scientific instruments with which to make his inspection.
There is no dispute regarding the balance due on the contract price, and plaintiff has paid the insurance premiums. The defendant has paid for the extras. The defendant appears to have abandoned his re-conventional demand for damages. Therefore, the sole issue before this court is whether the building was erected in a workmanlike manner.
Nine witnesses testified at the trial. Witnesses for the plaintiff who offered pertinent testimony to the issues now involved were: Raymond A. Drude, President of the plaintiff corporation, a building contractor; Ernest Wainwright, a building contractor and housing inspector for many years in the Tangipahoa area; Robert L. Williams, who has been engaged in air conditioning, heating and refrigeration about twelve years; Carl Meisner, who has been a building, contractor about seven years, and a carpenter about 25 years prior to his becoming a contractor; Leonard Kraft, a contractor and employee of the plaintiff; and Henry Ellis Bennett, a brick layer. Pertinent testimony adduced on behalf of the defendant was given by the defendant, who had been a steel worker; Eddie Doucet, a residential construction contractor; and James A. Arceneaux, employed by the Louisiana Department of Agriculture, Division of Entomology, Section of Pest Control.
The defendant complained of 52 deficiencies, including doors and windows out of plumb, improper installation of fixtures, in-inferior cement work, unfinished cabinets, paneling not properly nailed, and improper elevation of the slab.
The trial judge, at the request of counsel of both parties, in the company of both counsel and with no one else present, inspected the premises, after the case had been submitted. The Trial Judge, in detailed reasons for judgment, outlined individually the awards he made and the amounts thereof, and principally those he refused to make and his reason therefor, and the testimony on which his refusals and awards were based. He awarded a total of $58.00 for the medicine cabinet not exactly centered above the vanity, improperly installed faucet on the lavatory, correct crack in mortar in front wall, caulk exterior doors and windows, place towel racks in bathrooms, and clean up debris still on site.
We find it unnecessary to make a detailed analysis of all of the testimony relative to the awards and refusals. After a careful examination of the evidence, we are of the opinion that the evidence as a whole supports the factual findings and conclusions of the lower court.
In Federico v. Kratzberg, La.App., 163 So.2d 843, a case somewhat similar to the instant case, the court said:
“Where a contractor has not completed the work called for in a building contract or where he has performed such work in a defective manner, but where there has been substantial performance, the contractor may sue for and obtain the full contract price less the actual cost of completion and correction of the unfin *501 ished or defective work, the burden being' upon the owner to allege and prove the nature and extent of such work and cost thereof.”
We are satisfied that in the instant case there was substantial performance by the plaintiff, and that the material used was of good quality, but that some of the work was defective. However, the trial judge who saw and heard the witnesses, and who personally inspected the building, has made awards for the defective work. The plaintiff is, therefore, entitled to recover the unpaid portion of the contract price.
For the reasons assigned, the judgment appealed from is affirmed. All costs of this appeal are assessed against the defendant-appellant.
Affirmed.