277 So.2d 754 (1973)
G. SALVAGGIO & CO., INC.
v.
DELTA HEIGHTS, INC.
No. 4992.
Court of Appeal of Louisiana, Fourth Circuit.
April 3, 1973.
Rehearing Denied June 5, 1973.
*755 Bubrig & Scandurro, Darryl W. Bubrig, Sr., Buras, for plaintiff, defendant in reconvention-appellee.
Morphy & Freeman, A. D. Freeman, Jr., New Orleans, for defendant, plaintiff in reconvention-appellant.
Before SAMUEL, LEMMON and STOULIG, JJ.
SAMUEL, Judge.
Plaintiff, the contractor, instituted this suit on a written building contract against the defendant-owner for the sum of $12,681.81, representing a balance of $6,270.81 still due under the contract and additional amounts no longer claimed. Defendant answered admitting the balance due and reconvened for the sum of $50,322.89, which included contractual penalties for alleged delay in construction and for alleged substantial defects in the concrete slab.
Following trial on the merits, judgment was rendered in favor of plaintiff in the sum of $6,270.81. No judgment was rendered on the reconventional demand.
As shown by his written reasons for judgment, the trial court concluded plaintiff had complied with the contract and the other demands of both parties were not proven. Defendant has appealed. Plaintiff has neither appealed nor answered the appeal.
The contract, entered into on January 19, 1966, provided for the erection of a preengineered metal building for the sum of $97,000. With the exception of the $6,270.81 balance in suit, the full contractual price has been paid. At the close of the *756 typed contract the following provision is handwritten:
"Completely closed in by March 20, $100 per day bonus before or $100 per day penalty after March 20, 1965."
The contract also states:
". . . Slab to be 5" thick reinforced with 6x6x6/6 gauge mesh. . . ."
In this court appellant contends: (1) Plaintiff did not properly perform the work under the contract and therefore was not entitled to a judgment for the balance due; and (2) appellant should have been awarded judgment on the reconventional demand for the cost of replacing or repairing the defective slab and $100 per day penalty for failure to timely close the building.
Concerning appellant's first contention, the only complaint concerning improper performance relates to the slab. Defendant's expert engineer, Mr. George Morphy, endeavored to prove the slab was less than 5 inches, as called for by the contract. His testimony was conflicting and confusing. Six core samples were made to determine the thickness of the slab and their average was 3.8 inches. In answer to a question as to whether or not six core samples would be sufficient to determine the depth of an 80 × 250 foot slab (20,000 sq. ft.) he indicated this would be sufficient. However, he later stated the thickness could not be predicted with accuracy because it would require a knowledge of how the subgrade was prepared. In the event the entire work on the slab was done at one time, including preparing the fill, laying the mesh, and pouring the cement, it would make no difference. However, if the slab was done at different times it would be treated as six different slabs. This slab was poured on four different days.
All parties concede it was defendant's obligation to put in the fill. Defendant provided river sand for that purpose, but there is substantial evidence to indicate the fill was wet, muddy and sloppy "gumbo" that couldn't be worked. It was put in wrong and defendant vice president, Mr. Hingle, had to get a bulldozer to correct it.
While the six core samples indicate an average depth of 3.8 inches as opposed to the 5 inches called for by the contract, the evidence as to whether or not six samples are sufficient to determine the depth of the slab is confusing and conflicting in the testimony of defendant's own expert. The burden of proof on the sufficiency of the number of samples for this determination was on the defendant and we find it has failed to carry that burden. The problem is complicated further by the total absence of any evidentiary explanation of the meaning of the five inch slab provision (plaintiff argues it contemplates a five inch average) and the fact that improper fill and grade thereof conceivably could cause a difference in thickness.
The law applicable to building and construction contracts is provided for by LSA-C.C. Art. 2769, which reads as follows:
"If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract." LSA-C.C. Art. 2769.
As pointed out in the case of Loeb v. Neilson, La.App. 128 So.2d 447, the law governing building and construction contracts is different from that which generally governs commutative contracts where there can be no recovery in the absence of full and complete performance. The doctrine of substantial compliance is sufficient to justify recovery of the contract price by the plaintiff.
The owner's remedy in the presence of substantial compliance or performance is to allege and prove the nature and extent of the unfinished or defective work so as to reduce the amount of the judgment by the amount of the cost required to correct *757 the defective work. The burden of proof in a case of this nature as to the defects and omissions on the part of the contractor and the cost of repairing and finishing them lies squarely upon the owners who claim defective work exists.[1]
On the other hand, if the contract has not been performed substantially or otherwise, the contractor may not recover on the contract but is limited to quantum meruit.[2]
In the instant case defendant has offered no evidence relative to the cost of repairing and finishing the allegedly defective work. However, we consider this factor, necessary in the presence of substantial performance, immaterial here. The issue here is not one of substantial performance. In this case defendant has offered insufficient proof of any improper performance under the contract. Since defendant has failed to carry the burden of proof relative to the allegedly defective slab, its only complaint of failure to do the work as contracted, thus failing to prove any defective work, and as there is no evidence the building itself was inadequate for the purpose for which it was built, we find plaintiff is entitled to the balance due on the contract price.
Relative to the penalty provision of $100 per day in the event the building was not closed in by March 20, the evidence reveals the building was not completely closed in until April 19. However, the record also reflects defendant made some changes in the building not contemplated at the time the contract was signed and it was through the fault of defendant that the fill was put in improperly and had to be redone. It appears to us the delay thus occasioned was sufficient to cover the period March 20 to April 19. As that delay is not attributable to plaintiff, it should not be penalized therefor for a delay in performance.
For the reasons assigned, the reconventional demand is dismissed and the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] Elite Homes, Inc. v. Herrmann, La.App., 242 So.2d 614; A. A. Home Improvement Company v. Irwin, La.App., 203 So.2d 888; Loeb v. Nielson, supra; Airco Refrigeration Service, Inc. v. Fink, La. App., 127 So.2d 290.
[2] Jim Walter Corporation v. Jimmie Laperouse, La.App., 196 So.2d 539.