# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 09-467

**TROY EDWARD DEROUEN**

**VERSUS**

**LEO NELSON, JR., ET AL.**

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 70428
HONORABLE EDWARD LEONARD  JR., DISTRICT JUDGE

**********

## JOHN D. SAUNDERS
## JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED.**

**Julian Louis Gibbens**
**Gibbens & Stevens**
**222 W. St. Peter St.**
**New Iberia, LA 70560**
**(337) 367-8451**
**Counsel for Defendant Appellee:**
**Leo Nelson, Jr.**
**Melanie Bourda Nelson**

**Robert Michael Francez**
**Voorhies & Labbe**
**P. O. Box 3527**
**Lafayette, LA 70502**
**(337) 232-9700**
**Counsel for Plaintiff Appellant:**
**Troy Edward Derouen**

**SAUNDERS, Judge.**

This case involves interpretation of a contract that does not involve any factual findings by the trial court as to whether acceptance to an irrevocable offer is effective if the offeree failed to give the offeror any notice of the acceptance. The trial court, under La.Civ.Code art. 1934, found that the language of the purported contract necessitated that the buyer/offeree must give the seller/offeror notice of his acceptance in order for that acceptance to be effective.

We affirm, finding that the general rule of La.Civ.Code art. 1934 was not abrogated by the language of the purported contract. Further, we deny the buyer/offeree's request for attorney's fees and the seller/offeror's request for damages for frivolous appeal.

**FACTS AND PROCEDURAL HISTORY:**

Troy Edward Derouen (Derouen) was renting property via an oral lease from Leo Nelson (Nelson) when the parties entered in talks for Derouen to purchase the property from Nelson. Thereafter, Derouen went to Mynex Lending Services, which is a company that assists borrowers in obtaining financing to purchase property.

Mynex advised Derouen that a written agreement was necessary to purchase immovable property. Mynex prepared a document in order for Derouen to purchase the property from Nelson. The document provides, in pertinent part:

> **OFFER:** In the event this offer is not accepted by the Seller herein above described by <u>2-21-06</u> (DATE) <u>12 PM</u> **AM/PM (TIME)** this offer shall be deemed revoked.
>
> . . . .
>
> **CONTRACT:** This is a legally binding contract when signed by both Seller and Buyer. READ IT CAREFULLY. If you do not understand the effect of any part seek legal advice before signing. Buyer has read and acknowledged receipt of a copy of this offer. This agreement and any supplement, addendum or modification relating hereto, including any photocopy or facsimile thereof, may be executed in two or more

counterparts, all of which shall constitute one and the same writing.

Nelson signed the purported contract on February 20, 2006, and noted the date by his signature. Derouen claims to have signed the purported contract prior to 12PM on February 21, 2006, but failed to note this next to his signature. Further, Derouen admitted that neither he nor Mynex ever sent Nelson a fully executed copy of the document.

A closing on the sale was first scheduled for March 8, 2006. Prior to that closing, Nelson indicated that he would not appear at the closing and was not going to sell the property to Derouen. Thereafter, Derouen sent written notice to Nelson stating that he still wanted to purchase the property and that a closing was scheduled for March 15, 2006. Again, Nelson did not attend the scheduled closing.

Derouen filed suit against Nelson seeking to enforce the document as a contract to sell the property, and seeking to recover attorney's fees under the terms of the purported contract. Nelson denied that there was ever a contract and filed a reconventional demand against Derouen for matters not pertinent to this appeal.

On April 21, 2008, a trial on the merits was conducted, and the matter taken under advisement. By written reasons for judgment dated May 8, 2008, the trial court ruled in favor of Nelson, denying all relief sought by Derouen. Derouen filed a motion for a new trial, but this motion was denied. Derouen then filed this appeal alleging two assignments of error.

**ASSIGNMENTS OF ERROR:**

1. The trial court erred in finding that for Derouen's acceptance to be effective, it must have been received by Nelson, or a person authorized to receive acceptance, no later than 12:00 PM on February 21, 2006.

2. The trial court erred in finding that because the evidence does not reflect that Nelson was notified or in possession of Derouen's acceptance within the time

stated in the purported contract, the acceptance was not effective and no contract of sale was formed between the parties.

**ASSIGNMENT OF ERROR NUMBERS ONE AND TWO:**

In his first assignment of error, Derouen contends that trial court erred in finding that in order for his acceptance to be effective, it must have been received by Nelson, or a person authorized to receive acceptance, no later than 12:00 PM on February 21, 2006. In his second assignment of error, Derouen contends that the trial court erred in finding that because the evidence does not reflect that Nelson was notified or in possession of Derouen's acceptance within the time stated in the purported contract, the acceptance was not effective. Derouen's two assignments of error posit the same question: does the language of the purported contract necessitate that Nelson receive Derouen's acceptance to his irrevocable offer in order for that acceptance to be effective? If the answer is in the affirmative, then the rest of Derouen's issues argued in this brief are pretermitted, as Derouen admitted that he failed to give Nelson his acceptance prior to the 12PM deadline on February 21, 2006.

When a trial court's interpretation of a contract is not based upon any factual findings, but, rather, is based upon a review of the contract's language, the manifest error standard of review does not apply. *Conoco, Inc. v. Tenneco, Inc. By and Through Tennessee Gas Pipeline Co.*, 524 So.2d 1305 (La.App. 3 Cir. 1988), *writ denied*, 525 So.2d 1048 (La.1988). A finding regarding whether it was necessary for notice of Derouen's acceptance to be given to Nelson, as per the language of the purported contract, is not a finding based upon any fact. Thus, the manifest error standard of review is inapplicable to these assignments of error, and we will conduct a *de novo* review of the purported contract to interpret its meaning regarding this

issue.

"Interpretation of a contract is the determination of the common intent of the parties." La.Civ.Code art. 2045. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La.Civ.Code art. 2046.

Louisiana Civil Code Article 1927, in pertinent part, states, "A contract is formed by the consent of the parties established through offer and acceptance." "An offer that specifies a period of time for acceptance is irrevocable during that time." La.Civ.Code art. 1928. "An irrevocable offer expires if not accepted within the time prescribed in the [La.Civ.Code art. 1928]." La.Civ.Code art. 1929. "An acceptance of an irrevocable offer is effective when received by the offeror." La.Civ.Code art. 1934.

The document in the case before us, in pertinent part, states, "**OFFER:** In the event this offer is not accepted by the Seller herein above described by 2-21-06 (DATE) 12 PM **AM/PM (TIME)** this offer shall be deemed revoked."

We find the words of the document cited above to be clear and lead to no absurd consequences. The offer made by Nelson to Derouen was irrevocable until February 21, 2006, at 12:00 PM. Under La.Civ.Code art. 1934, Derouen's acceptance of Nelson's offer is effective only when Nelson has received it. Derouen admits that he failed to give his acceptance to Nelson prior to the expiration of Nelson's irrevocable offer. Thus, under the clear language of the document, Nelson's offer was revoked prior to Derouen's acceptance becoming effective. Accordingly, the document is not a contract, as there was no acceptance of the irrevocable offer when it existed.

Derouen first contends that the language cited above does not require him to do anything by a certain time, as it only references Nelson's duty, i.e. the seller, to accept the offer by a certain date and time. Derouen's contention is misguided.

Under Derouen's proposed interpretation, Nelson would have to accept his own offer by a certain date. This is an interpretation that leads to an absurd consequence as referenced by the text of La.Civ.Code art. 2046. Nelson is the seller/offeror. Acceptance of his offer, as an irrevocable offer, is not effective until he receives acceptance to that offer. This is the only interpretation of the language of the document that is plausible.

Further, were this court to give any credence to Derouen's proposed interpretation, this would necessitate a finding by this court that the language of the document is ambiguous. Given that it is Derouen's agent, Mynex, that drafted the document, we would have to interpret the document against him. *See Aptaker v. Centennial Ins. Co. of New York*, 198 So.2d 188, 189 (La.App. 1 Cir. 1967).

Derouen next argues that the general rule pertaining to irrevocable offers found in La.Civ.Code art. 1934 was modified under the clear language of the document. The language that Derouen hinges his argument upon is the following:

> **CONTRACT:** This is a legally binding contract when signed by both Seller and Buyer. READ IT CAREFULLY. If you do not understand the effect of any part seek legal advice before signing. Buyer has read and acknowledged receipt of a copy of this offer. This agreement and any supplement, addendum or modification relating hereto, including any photocopy or facsimile thereof, may be executed in two or more counterparts, all of which shall constitute one and the same writing.

Derouen focuses in on the first sentence of the paragraph , "[t]his is a legally binding contract when signed by both Seller and Buyer." According to Derouen, given that both Derouen and Nelson signed the document, it became a binding

5

contract when both parties signed it. Like the trial court, we are not convinced.

Nelson has a right or benefit established for him by La.Civ.Code art. 1934 to not have acceptance to his irrevocable offer be effective until he receives that acceptance. It is true that under La.Civ.Code art. 1971 that "[p]arties are free to contract for any object that is lawful, possible, and determined or determinable." However, as our supreme court stated in *Aldredge v. Aldredge*, 477 So.2d 73, 75 (La.1985), "[i]n order for such a waiver of benefits established by law to be valid, it must be expressly, knowingly and voluntarily made[.]"

The language that Derouen cites need be strained to take on the meaning that Derouen proposes. This is certainly not an express warning to Nelson of his alleged waiver. Rather, that language is of a context warning that the document is potentially a binding contract once signed, thus, one should heed its contents or seek legal advice prior to signing it.

Further, even if we were to find the language cited by Derouen to be express, there is no evidence in the record that Nelson knowingly or voluntarily waived his right under La.Civ.Code art. 1934 to have acceptance of his irrevocable offer ineffective until he receives the acceptance to that offer. Therefore, we find that Derouen's two assignments of error are without merit.

**ANCILLARY MATTERS:**

Derouen requests that this court award him attorney's fees, as the purported contract calls for such payment of such fees should a party seek to enforce it. Given that we found the document was not a valid contract and Derouen is not entitled to specific performance under its terms, it follows that any rights asserted under that document, including the requested attorney's fees, is also denied.

6

Nelson properly requested that this court award damages to him for frivolous appeal. We decline to do so.

This court, in *Sigler v. Grace Offshore Co.*, 95-357, p. 6 (La.App. 3 Cir. 10/4/95), 663 So.2d 212, 215, stated the following:

> [Louisiana Civil Code] Article 2164 authorizes a claim for damages for frivolous appeal, but its provisions are penal in nature and must be strictly construed. Appeals are favored, and the imposition of penalties for a frivolous appeal will not be granted unless they are clearly due. Damages for frivolous appeal will not lie unless it manifestly appears that the appeal was taken solely for delay or that appealing counsel does not seriously believe in the position he advocates, even though the appeal lacks merit.

We find that Derouen, while his appeal lacks merit, did believe in the position he proposed. Notwithstanding the rule of La.Civ.Code art. 1934, A reasonable layperson could find that the language cited in the document could be interpreted to mean that the document became a contract upon two parties signing it. We found no merit in Derouen's assignments of error based on jurisprudence not brought forth by Nelson.

Moreover, with regard to Derouen taking this appeal solely for delay, this appeal, while it was originally brought suspensively, is before us devolutively. Thus, the judgment of the trial court against Derouen went into effect when it was rendered. As such, this appeal by Derouen did not provide him with any apparent advantage with respect to delaying enforcement of the trial court's judgment. Accordingly, we deny Nelson's request for damages for frivolous appeal.

**CONCLUSION:**

Derouen raised two assignments of error. We found no merit in either assignment. Therefore, we affirm the trial court's judgment that the document was not an enforceable contract. Derouen's request for attorney's fees, and Nelson's

7

request for damages for frivolous appeal are denied.  All costs of this appeal are to be paid by Derouen.

**AFFIRMED.**