STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 09-1230


CLOVELLY OIL CO., INC.

VERSUS

MIDSTATES PETROLEUM CO., LLC


**********


APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 70728-B
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE


**********


**BILLY HOWARD EZELL**
**JUDGE**


**********


Court composed of John D. Saunders, Oswald A. Decuir, and Billy Howard Ezell,
Judges.


**REVERSED AND REMANDED.**


**Raymond Anthony Beyt**
**Beyt & Beyt**
**P. O. Box 52157**
**Lafayette, LA 70505**
**(337) 233-6771**
**Counsel for Defendant/Appellee:**

**Midstates Petroleum Company, LLC**
**Marshall Taylor Darden**
**Carver, Darden, Koretzky, Tessier, Finn, Blossman & Arceaux, LLC**
**1100 Poydras Street, Suite 3100**
**New Orleans, LA 70163**
**(504) 585-3800**
**Counsel for Plaintiff/Appellant:**
**Clovelly Oil Company, LLC**

**EZELL, JUDGE**.

In this matter, Clovelly Oil Company appeals the granting of Midstates Petroleum Company's motion for summary judgment dismissing its declaratory action and suit for breach of contract. For the following reasons, we hereby reverse the grant of summary judgment and remand this case to the trial court.

By assignment and bill of sale dated September 1, 2007, Midstates acquired mineral leases, wells, agreements, and equipment located in Evangeline Parish from Opex Energy. The contract included (original emphasis removed, bold emphasis ours):

> **All operating agreements, joint venture agreements**, seismic exploration agreements, area of mutual interest agreements, farmout and farmin agreements, pooling unitization agreements, pooling declarations, Orders, allowables, records, certificates, permits, licenses, right-of-way, servitudes or easements, logs, seismic lines, cores, cuttings, samples and other technical data (and maps or interpretations of any of the foregoing), options, division orders, transfer orders, production sales contracts, purchase, sale, exchange, and processing agreements and all other contracts, agreements and instruments affecting the production, storage, treatment, transportation, processing or sale or other disposal of Hydrocarbons, including, without limitation, all of the rights, title and interest acquired by Assignor by virtue of that certain Partial Assignment and Bill of Sale dated effective June 1, 2005, and recorded in Book 145, Page 377, under File No. 547553 of the Conveyance Records of Evangeline Parish, Louisiana (hereinafter referred to as "Subject Agreements").

The assignment went further to state that Midstates:

> accepts this Assignment and Bill of Sale and acknowledges delivery of the Assigned Interests. **Assignee hereby assumes and acknowledges responsibility for satisfaction and discharge, at its sole cost, risk and expense, of all obligations and liabilities of Assignor specified in, associated with or accompanying the Assigned Interests, subsequent to the Effective Time hereof, and generally and specifically all obligations relating to the ownership or use thereof.**

One of the agreements Opex had when the assignment to Midstates was made was a joint operating agreement (JOA) with Clovelly. This JOA had been originally signed in 1972 and had passed to both Opex and Clovelly as successors in interest to

1

the original parties. The JOA covered all wells and operations confined within parts of Evangeline Parish defined as the "Unit Area." Clovelly owned a 56.25% working interest in the Unit Area, while Opex owned 43.75% prior to the assignment to Midstates. Clovelly was also appointed operator of all leases within the Unit Area by the JOA. This JOA was never recorded in the Evangeline Parish public records.

Around September 1, 2007, Midstates began conducting exploration and development on lands within the Unit Area without notification to Clovelly. On May 7, 2009, Clovelly filed the current suit seeking a declaratory judgment that Midstates was bound by the terms of the JOA previously held by Opex. Midstates filed a motion for summary judgment in response to the suit. The trial court granted Midstates' motion for summary judgment, finding that under the Louisiana Public Records Doctrine, Midstates was not bound by unrecorded contracts, thereby dismissing Clovelly's claims. From that decision, Clovelly appeals.

Clovelly asserts two assignments of error on appeal, both alleging that the trial court erred in granting summary judgment where there existed genuine issues of material fact.

> Summary judgments are reviewed *de novo* on appeal, with the reviewing court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Power Marketing Direct, Inc. v. Foster*, 05-2023 (La.9/6/06), 938 So.2d 662, 669; *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730, 750.

> A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ. Proc. art. 966(B).

*Louisiana Safety Ass'n of Timbermen Self-Insurers Fund v. Louisiana Ins. Guar. Ass'n*, 09-23, p.5 (La. 6/26/09), 17 So.3d 350, 353.

The trial court relied on the Louisiana Public Records Doctrine in making its decision. The public records doctrine and its basic principles of recordation are set forth in La.Civ.Code arts. 3338 and 3342, "which protect third persons from the effect of unrecorded instruments affecting real estate and attempts to vary the terms or statements of fact in recorded instruments." 1 Peter S. Title, Louisiana Real Estate Transactions § 8:26 (2d ed.2008). It is undisputed that the JOA in this matter was not recorded in the public records. However, as noted in *J & R Enterprises-Shreveport, L.L.C. v. Sarr,* 43,364, p.10 (La.App. 2 Cir. 8/13/08), 989 So.2d 235, 241:[1]

> As an exception to our public records law and the doctrine's protection of third persons who rely on same, a person who by contract assumes an obligation or is bound by contract to recognize it is not a third person with respect to the obligation or right or to the instrument creating or establishing it.

Accordingly, if Midstates assumed the JOA under its assignment from Opex, it can not claim protection as a third person under the Public Records Doctrine. This is clearly a genuine issue of material fact and is indeed in dispute. Clovelly claims that Midstates knew of the JOA when it wrote the language of the assignment declaring "[a]ll operating agreements, [and] joint venture agreements" as assigned interests and before assuming "all obligations" of Opex. Midstates admits that no less than four copies of the JOA were present in the Opex documents viewed as part of its due diligence prior to the assignment. And while Midstates claims the all-inclusive language it used in the agreement was standard "boilerplate" language, as the drafter of the contract, any ambiguities are to be construed against it. *Aptaker v. Centennial Ins. Co. of New York*, 198 So.2d 188 (La.App. 1 Cir.1967). Clovelly also introduced an affidavit from an Opex employee familiar with the transaction stating that Opex intended to assign the JOA to Midstates as part of the deal. Again, if it

---

[1] citing La. C.C. art. 3343; *Bradley v. Sharp*, 35,034 (La.App. 2 Cir.8/22/01), 793 So.2d 500, *writ denied*, 01-2618 (La.12/14/01), 804 So.2d 633

assumed the JOA as part of the assignment from Opex, Midstates can not disregard that agreement simply because that document was not recorded in the public records under La.Civ.Code art. 3343. This is a genuine issue of material fact that is in dispute.

Additionally, there remain genuine issues of material fact as to whether Midstates, at a minimum, tacitly confirmed or ratified the JOA by acting in compliance therewith following the assignment. *See* La.Civ.Code art. 1843. The affidavits of Paul Gardner and Harold Werner indicate that Midstates may have acted in conjunction with the JOA in its dealings with Clovelly after it assumed Opex's rights, and there is no evidence in the record before this court contrary to this assertion.

The existence of these genuine issues of material fact dictate that, while Midstates may ultimately succeed at trial on this matter, this case is not presently suitable for summary judgment. Accordingly, we reverse the decision of the trial court and remand this matter for further proceedings in compliance with this decision.

For the above reasons, the decision of the trial court is hereby reversed. We remand for further proceedings consistent with this opinion. Costs of this appeal are hereby assessed against Midstates Petroleum Company.

**REVERSED AND REMANDED.**