YARRUT, Judge.
This is an appeal by Defendant from a judgment in favor of Plaintiff for $1,034.00, the amount Plaintiff paid Defendant to construct an additional room (measuring 12’ x 26') in the rear of his existing residence.
In May, 1962, the parties entered into the contract. Defendant was to erect the walls, roof and concrete slab.
Within five or six weeks after the new room was completed by Defendant, it pulled away from the original residence, the concrete slab cracked and the new structure sank. All parties agree the collapse resulted from the failure to drive pilings under the new addition,, as was done when Plaintiff’s residence was erected in 1957-58.
The new structure became unfit for the purpose erected, due to the absence of supporting piling, and the question is: Who is responsible for not requiring the piling?
Mr. Selkin was Defendant’s representative who negotiated the contract with Plaintiff, and Mr. Deutsch who appeared later when the contract was signed, was Defendant’s construction expert who supervised the construction.
Plaintiff and his wife testified there was some discussion concerning pilings for the new addition; that Mr. Selkin assured them pilings would not be necessary. Mr. Deutsch testified that he had 30 years experience in the construction business; that he supervised the work for Defendant at the Ragusa home; that no addition to any structure should be built without pilings if the original structure is on pilings; and that it was a mistake to build the addition without pilings, since the original residence was built on pilings.
The Ragusas insist they exhibited the plans and specifications of their home to Mr. Selkin showing that pilings were used for the foundation. Mr. Selkin was not sure and did not remember whether or not he was shown the plans of the original construction, as was testified by the Ragusas, because the time was “two years ago.”
When asked if he requested to see the plans and specifications of the Ragusa home, Mr. Deutsch answered, “That is not my job * *
It seems strange that both Mr. Selkin and Mr. Deutsch, experts in the construction business, and better informed than Plaintiff, an insurance man, did not insist on a “piling” waiver in the contract due to their superior knowledge that, once a building is erected on pilings, it is unsafe to build an addition thereto without them.
Defendant’s agents having undertaken the work with full knowledge of the danger of subsidence without piling, Defendant is responsible for the total unfitness of the structure, and for the return of the payment received by it therefor. LSA-C.C. art. 2762 and authorities cited thereunder; Kuhlman v. Talley, La.App., 145 So.2d 101.
The judgment of the district court in favor of Plaintiff and against Defendant is affirmed; Defendant to pay all costs in both courts.
Affirmed.