SWIFT, Judge.
Ashton Noel has sued Terry Devillier for $5927.00 as the balance allegedly due for materials and labor furnished by plaintiff in the construction of defendant’s house. Devillier filed a reconventional demand alleging that the house was not built according to the contract and plans, but instead contained certain defects which were caused with the knowledge and through the fault of Noel.
The trial court rendered judgment for the plaintiff for the amount he sought, but also awarded the defendant $450.00 to correct several minor defects or deficiencies in the home. From this judgment, the defendant has perfected a suspensive appeal. The plaintiff has answered the appeal asking that the award to the defendant be reversed.
The facts are that Mr. Devillier contracted with Mr. Noel, a carpenter, for the latter to construct a house for plaintiff similar to the plans used to build Noel’s own home. Devillier agreed to pay for the cost of the materials used by Noel plus his labor costs. The plaintiff was free to choose whomever he wished to do the electrical and plumbing work and pay them direct, but Noel did recommend and contact the contractor that was hired to do same.
While Noel contended that he was not to be the supervisor of any persons aiding in building the house except the carpenters, he did assist the plumber in measuring the lines to rough in the plumbing before the slab was poured. Prior to Noel’s laying the bottom plates for the walls he realized that, although the slab was as it should have been, the plumbing for the bathrooms was in the wrong place. Noel informed Devillier that the error had been made, but just *731 what else was said by them at this time is disputed.
Devillier testified Noel told him that in order to correct the mistake the whole slab would have to be torn up and the plumbing redone. If not, however, the only variations from the plans would be a narrowing of 11 inches in the master bedroom and the bathroom wall would be moved slightly. Devillier then agreed to leave the slab as it was. He denied he was told by Noel that it would cost only $400.00 to correct the plumbing error and comply with the plan.
Noel testified he told Devillier before the walls were built that the master bedroom would be 11 to 13 inches smaller than shown on the plans, but the matter could be corrected by breaking the concrete and redoing the plumbing at a cost of about $400.00. He also said that most of the other variances from the plans were discussed and agreed by Devillier.
Be that as it may, the slab remained as it was and the walls were erected to accommodate the misplaced plumbing. The result was that the width of the master bedroom was about 13 inches less and the master bathroom and dressing area were 12 inches narrower than the parties originally agreed. However, the guest bathroom seems to be approximately two feet wider than shown on the plans.
Following the trial the trial judge rendered written reasons for judgment stating that he found Noel was not just the carpenter, but was the general contractor on this house, because he undertook supervision of the entire construction. However, he further found that the diminution in sizes of the bedroom and bathroom occurred with the knowledge and consent of the defendant. He believed that Mr. Noel adequately informed Mr. Devillier of the plumbing error and the latter made the decision to keep the slab as it was. Consequently, the plaintiff was not responsible for such deficiencies. Some of the claims asserted by Devil-lier in the reconventional demand were denied for lack of sufficient proof, but his $450.00 award, consisting of $200.00 to put in a window in master bathroom, $50.00 for a toilet in the spare bathroom and $200.00 to correct a lVi inch sag in the carport roof, covered items for which the plaintiff was responsible that had not been waived by the defendant.
On this appeal the defendant asserts the trial judge correctly found Noel was a general contractor, but he erred in concluding that the compression of the master bedroom, bathroom and dressing area was done with Devillier’s knowledge and consent. He contends that from his conversation with Noel he believed the entire slab would have to be torn up. Since he thought this would cost him a lot of money, he declined. Had he known that it would have cost only $400.00 to correct the error, he would have been willing to pay this extra amount. The plaintiff’s position is that the judge erred in concluding he was a general contractor responsible for the errors of others than the carpenters. And, further, all of the deficiencies in the home were agreed to by the defendant.
We cannot say that Mr. Noel was in fact the general contractor on this job under the circumstances presented. However, we do agree with the trial judge that it was established by a preponderance of evidence that as a part of the agreement with Mr. Devillier he assumed the duty of seeing that the house was constructed in accordance with the plans he furnished. Therefore, the plaintiff was responsible to fully inform the defendant of the deviation from the plans in the location of the bathroom plumbing and take reasonable action towards remedying same. Failure to do so, of course, would give rise to liability for defects or deficiencies in the completed house resulting therefrom.
In this instance, however, the trial judge has concluded that Mr. Noel did fully inform Mr. Devillier of the situation and the latter made the decision to proceed with the work without correction. Thus, the compression of the master bedroom and bathroom and dressing area was done with the knowledge and consent of the homeowner.
*732 This is a finding of fact which should not be disturbed on appellate review unless clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v, Domingue, 365 So.2d 1330 (La.1978). From our review of the record we certainly are unable to say the trial court was clearly wrong in this respect. Thus, the agreement of the parties was modified by mutual consent. Also, in our opinion the plaintiff’s plea of estoppel is applicable. We find no manifest error in the trial court’s ruling as to the other claims asserted by way of reconvention.
For the foregoing reasons, the judgment of the district court is affirmed. The costs of this appeal are assessed to defendant-appellant.
AFFIRMED.