PRICE, Judge.
This is an action by Mr. and Mrs. S. W. Haile for recovery of damages from defendants for the alleged breach of contract and defective workmanship in the construction of the foundation of a residence. From an adverse judgment rejecting their demands, plaintiffs have appealed. We affirm for the reasons assigned.
During 1971 plaintiffs undertook the construction of a residence on a 15 acre tract of land owned by them in Jackson Parish. Plaintiffs obtained a set of floor plans from a draftsman and engaged Billy Cooper and Jack Cooper to perform the necessary carpentry work, including the digging of footings, building of forms, and other prepara *1158 tory work for the pouring of the concrete foundation. Plaintiffs engaged James Eddie Brown to do the site clearance and leveling of the selected homesite which was situated on a hillside.
The pouring and finishing of the slab was contracted to J. Earl Alexander.
Although the construction of the home was completed in November 1971, it was not until the summer of 1978 that plaintiffs noticed cracks developing in the brick veneer exterior walls of the house. Plaintiffs consulted a soil stabilization service and learned that the cause of the cracks was a break in the concrete slab resulting from settlement of the fill dirt used to level the downhill portion of the building site.
Plaintiffs then filed this suit against the Coopers, Brown, and Alexander contending that each of these craftsmen caused the damages complained of. Plaintiffs allege the Coopers contracted to build them a home according to the floor plans furnished, and that the Coopers were to select the most suitable building site on the 15 acre tract owned by plaintiffs. They contend the Coopers breached their contractual obligation by selecting a site which required extensive fill dirt and by failing to extend the foundation footings to undisturbed soil in accordance with accepted construction practices when building a structure to be partially situated on fill dirt.
Plaintiffs contend Brown breached his obligation by failing to properly compact the soil during the site leveling process.
Although Alexander was made a defendant no specific allegations of inferior work were made against him and plaintiffs have not appealed from the rejection of their demands against this defendant.
After trial on the merits the trial court found that the expert testimony showed the breaking of the foundation resulted from a failure to sufficiently compact the fill soil under the east portion of the residence or from the failure to extend footings to undisturbed soil in this area of the structure. The court further found that either of these methods would have been an acceptable method to prevent possible damage to the slab from soil contraction resulting from loss of moisture content. The court concluded however that neither the Coopers nor Brown should be responsible for the resulting damage, as the fault rested with plaintiffs in not providing specific plans and specifications for construction of the foundation.
There is no question of the correctness of this finding as to Brown. The evidence shows that Brown followed the recognized method of compacting the fill soil by placing thin layers of dirt and compacting each layer by “walking” the dirt with a heavy bulldozer. Plaintiffs admit they observed Brown following this method. Whether the degree of compaction is sufficient in any given instance can only be determined by a compaction test performed by scientific testing as the mineral content of the soil can affect the amount of compaction required. No such testing was provided or required by plaintiffs. Under these circumstances Brown should not be responsible for any deficiency in compaction.
Plaintiffs contend the Coopers possessed superior knowledge as carpenters as to the proper construction of a foundation located partially on fill dirt. Plaintiffs contend it was error for the trial court to find that plaintiffs should have determined the method to be used to prevent damage to the foundation from soil shrinkage.
Plaintiffs rely principally upon the decisions of Ragusa v. Ply-Woods, Inc., 170 So.2d 254 (La.App. 4th Cir. 1964), writ refused 247 La. 413, 171 So.2d 667 (1965), and Wurst v. Pruyn, 250 La. 1109, 202 So.2d 268 (1967). These cases are not factually analogous to the instant matter as they were each concerned with the responsibility of a general contractor.
The record in this case clearly supports the finding that the Coopers were not general contractors who were responsible for the completion or quality of the work contracted to other trades by plaintiffs.
Plaintiffs’ counsel also cited in oral argument the recent decision in Noel v. Devillier, 392 So.2d 729 (La.App. 3d Cir. 1980), in support of plaintiffs’ position that a party *1159 who undertakes the carpentry work in construction of a residence owes the duty of seeing that all work is carried on in accordance with the plans furnished by the owner.
We find this decision to lend little comfort to plaintiffs under the factual circumstances here presented. First, there were no plans for the foundation provided by plaintiffs. Secondly, compaction work was performed by Brown in an acceptable manner and the Coopers had no reason to believe it was insufficient without engaging an engineering service to run a compaction test. The evidence shows it is not the usual or customary practice to incur the expense of such tests in residential construction in the Jackson Parish area.
In the absence of plans or specifications specifically requiring the footings or pilings be extended to undisturbed soil, and in view of the factual finding of the trial court that compaction of fill dirt is an acceptable safeguard for the protection of a concrete foundation, plaintiffs have not shown that the Coopers have breached any contractual or delictual duty owed to them.
The judgment appealed is affirmed and costs of this appeal are assessed to appellants.